**EXHIBIT A**

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, T

Civil Action Cover Sheet - Case Initiation    (12/01/20) CCL 0520

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

FILED DATE: 5/23/2022 3:38 PM    2022L004594

RD Expedited, Inc.

v.

Wesco Insurance Company

FILED
5/23/2022 3:38 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L004594
Calendar, T
18009479

No. 2022L004594

## CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand  ☒ Yes  ☐ No

**(FILE STAMP)**

### PERSONAL INJURY/WRONGFUL DEATH
CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
  (including Structural Work Act, Road Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
  (Please Specify Below**)
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

### TAX & MISCELLANEOUS REMEDIES
CASE TYPES:
- ☐ 007 Confessions of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

By: Kayla Schmidt

(Attorney)                    (Pro Se)

### COMMERCIAL LITIGATION
CASE TYPES:
- ☒ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☒ 074 Statutory Action
  (Please specify below.**)
- ☐ 075 Other Commercial Litigation
  (Please specify below.**)
- ☐ 076 Retaliatory Discharge

### OTHER ACTIONS
CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

** 215 ILCS §5/155

Primary Email: kayla.schmidt@huschblackwell.com

Secondary Email: _____

Tertiary Email: _____

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice form the **Clerk's Office** for this case at this email address: _____

## IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FILED DATE: 5/23/2022 12:36 PM 2022L004594

FILED
5/23/2022 12:36 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
Calendar, T
18003715

## IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| RD EXPEDITED, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2022L004594 |
| | ) |
| WESCO INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **COMPLAINT**

NOW COMES Plaintiff, RD Expedited, Inc. ("RD Expedited"), by and through its attorneys, Husch Blackwell, LLP and Ostojic & Scudder, and for its Complaint against Defendant, Wesco Insurance Company ("Wesco"), states as follows:

## **NATURE OF ACTION**

1.     This is an insurance coverage dispute.  RD Expedited, a trucking and freight company, purchased commercial auto liability insurance, policy no. WMC1473464-00, for the policy period of July 23, 2016 through July 23, 2017 (the "Policy"), from Wesco to protect against claims and liabilities resulting in bodily injury and property damage.

2.     In November 2018, RD Expedited was sued in the United States District Court for the District of Connecticut in the lawsuit styled *Estate of Ashley Ferguson Jones by Marshall Jones, Administrator, et al. v. MGR Express, Inc.*, et al., Case No. 3:18-cv-01923 (the "*Jones* Lawsuit") based upon allegations that the decedent, Ashley Ferguson Jones, had been fatally injured when a tractor trailer owned by RD Expedited or a related entity struck Ms. Jones while she stood on a highway shoulder.

FILED DATE: 5/23/2022 12:36 PM   2022L004594

3.     RD Expedited requested that Wesco provide defense and indemnity for the claims in the *Jones* lawsuit and provide RD Expedited with a copy of the Policy, but Wesco failed to properly respond to RD Expedited's tender of defense and indemnification and shockingly, declined to provide RD Expedited—its own insured—with a copy of the Policy, which is the very agreement that RD Expedited paid a valuable premium for.

4.     Wesco's wrongful failure to respond to RD Expedited's request has forced RD Expedited to defend itself in the *Jones* lawsuit and to bring this lawsuit for (1) breach of contract; (2) unreasonable and vexatious conduct in violation of 215 ILCS § 5/155; (3) estoppel; (4) waiver; and (5) declaratory relief.

5.     RD Expedited seeks a declaration that Wesco had and has a duty to defend RD Expedited in the *Jones* Lawsuit. Further, Wesco breached the contract between it and RD Expedited (i.e., the Policy) by refusing to defend RD Expedited in the *Jones* Lawsuit and by failing to provide the requested copy of the Policy. Additionally, Wesco misrepresented to RD Expedited that it was in bankruptcy and could not provide the coverage as promised under the Policy. Finally, because RD Expedited has been put to the expense of litigating Wesco's breach, RD Expedited is entitled to recover its attorney's fees pursuant to 215 ILCS § 5/155.

## <u>PARTIES</u>

6.     Plaintiff RD Expedited is an Illinois corporation whose principal place of business is located at 500 West Plainfield Road, Suite 300, Countryside, Illinois 60525.

7.     Defendant Wesco is a foreign corporation incorporated in Delaware and whose principal place of business is located at 59 Maiden Lane, New York, New York 10038. Upon information and belief, Wesco is licensed to do business in the State of Illinois.

FILED DATE: 5/23/2022 12:36 PM    2022L004594

## VENUE AND JURISDICTION

8.      Cook County is the appropriate venue for this dispute under 735 ILCS § 5/2-101 because this matter arises out of a transaction that primarily occurred in Cook County and RD Expedited is the insured and located in Cook County.

9.      Defendant Wesco is subject to jurisdiction in Illinois because it does business within Illinois and this action arises from Wesco's business transactions in Illinois, specifically from an insurance policy issued by Wesco to the policyholder and the insured, RD Expedited, which was located in Illinois at the time of the transaction underlying this action.

## FACTUAL BACKGROUND

### A.  The Jones Lawsuit.

10.      On November 27, 2018, the Estate of Ashley Ferguson Jones by Administrator Marshall Jones, Marshall Jones, individually, A.J., a minor, and M.J., a minor, (collectively, the "Jones Plaintiffs") filed the *Jones* Lawsuit against RD Expedited, MGR Express, Inc., MGR Lease LLC, MGR Freight LLC, MGR Expedited, Inc., MGR Expedited 1 LLC, MGR Auto Lease LLC, MGR Truck Rental LLC, MGR Truck Sale, Inc., MGR Truck Repair, Inc., MGR Logistics, Inc., MGR 016 LLC, MGR 017 LLC, and Plainfield 014 LLC (if referred to collectively hereinafter, the "MGR Entities") in the United States District Court for the District of Connecticut.  Attached as ***Exhibit A*** is a true and correct copy of the Complaint in the *Jones* Lawsuit (the "Underlying Complaint").

11.      In the Underlying Complaint, the Jones Plaintiffs alleged that on December 1, 2016, Ashley Ferguson Jones suffered traumatic injuries that resulted in her death when Nicolae Marcu, who was driving a tractor trailer owned by the MGR Entities, struck Ms. Ferguson Jones while she stood outside of her vehicle on the shoulder of a Connecticut highway.

3

FILED DATE: 5/23/2022 12:36 PM    2021L004594

12.    The Jones Plaintiffs asserted claims of wrongful death, loss of consortium, bystander emotional distress, and joint venture, alter ego, agency and piercing the corporate veil against the MGR Entities.

13.    The Jones Plaintiffs claimed compensatory damages in the amount of $30,000,000.

**B.  The Wesco Policy.**

14.    Wesco issued the Policy to RD Expedited with a per occurrence limit of $1,000,000. Attached as **Exhibit B** is a true and correct copy of an excess liability policy issued to RD Expedited by Hallmark Insurance Company, which references the Wesco Policy as providing underlying Commercial Auto Liability coverage with $1,000,000 in limits.

15.    Upon information and belief, the Policy provides Commercial Auto Liability coverage to RD Expedited and the MGR Entities for sums that they may become legally obligated to pay as damages as a result of claims made against them for bodily injury and property damage caused by their agents or equipment.

16.    Wesco's bad faith conduct has forced RD Expedited to plead the above allegation "upon information and belief" because it has declined its own insured's request for a copy of the Policy.

**C.  Wesco Misrepresents Itself as Being in Receivership.**

17.    On August 17, 2021, the MGR Entities, including RD Expedited, tendered defense and indemnification of the *Jones* Lawsuit to Wesco.  Attached as **Exhibit C** is a true and correct copy of the Tender of Defense and Indemnification, dated August 17, 2021.

18.    Upon information and belief, AmTrust Financial Services, Inc. ("AmTrust") is an authorized affiliate of Wesco that administers claims for Wesco and acts as an agent for Wesco.

19.    On August 31, 2021, on behalf of Wesco, an AmTrust claims representative responded to the MGR Entities' Tender of Defense and Indemnification in writing.  The

FILED DATE: 5/23/2022 12:36 PM 2022L004594

representative misrepresented that the Wesco Policy was issued by Spirit Commercial Auto Risk Retention Group, Inc. ("Spirit"), which was placed in receivership. The response from AmTrust did not explain the relationship between Wesco and Spirit. Attached as ***Exhibit D*** is true and correct copy of the August 31, 2021 response on behalf of Wesco.

20.     In its August 31, 2021 correspondence with counsel for RD Expedited and the MGR Entities, the AmTrust representative, on behalf of Wesco, further indicated that AmTrust was the reinsurer for Spirit and that no reinsurance coverage was available to individual policyholders, including RD Expedited.

21.     Counsel for RD Expedited understood AmTrust's response to indicate that no coverage was available for RD Expedited and the MGR Entities under the Policy, but made numerous requests for clarification from the AmTrust claims representative, which AmTrust refused to answer from October 2021 until January 2022. Attached as ***Exhibit E*** is a true and correct copy of email correspondence from counsel for RD Expedited to AmTrust, requesting clarification on this issue.

22.     Beginning in October 2021, in addition to requests for clarification with respect to coverage under the Policy, counsel for RD Expedited also made repeated requests for a copy of the Policy, but AmTrust refused to provide a copy of the Policy. ***See Exhibit E***.

23.     After these repeated requests for clarification on coverage and for a copy of the Policy from counsel for RD Expedited went unanswered, Wesco (through AmTrust) assigned new points of contact at Wesco in February 2022, Todd Hastey and Belinda Boscoe.

24.     RD Expedited (through counsel) had telephone conferences with Ms. Boscoe on or about February 18 and February 24, 2022. Ms. Boscoe indicated that Wesco's response to date

FILED DATE: 5/23/2022 12:36 PM    2022L004594

was not appropriate and apologized for the same while pointing out that it was another adjuster at Wesco/AmTrust who failed to respond, and not her.

25.     During each of the February 2022 telephone conferences, RD Expedited reiterated that it had not received a copy of the Policy from Wesco, which it first requested in October 2021, nor had RD Expedited received a substantive response to its claim for defense and indemnification, which it tendered on August 17, 2021—other than a misrepresentation that Wesco was in receivership.

26.     During the February 2022 calls, representatives from AmTrust, on behalf of Wesco, acknowledged both the failure to provide a copy of the Policy to RD Expedited and corrected AmTrust's prior misrepresentation that the Policy was a part of the Spirit receivership.

27.     During March 2022, having yet to receive the Wesco policy, RD Expedited requested a copy of the Wesco policy at least four times, indicating on March 21, 2022: "This is getting to a critical level based on the status of the underlying case and the positions asserted by other carriers.  We requested a copy of the policy more than six months ago.  This is a simple request and one that carriers typically respond to in a matter of days, not months.  This is not good faith conduct by an insurer towards its insured to whom it owes the highest duties and obligations.  Please provide us with a copy of the policy."

28.     On March 21, 2022, AmTrust, on behalf of Wesco, advised counsel for RD Expedited that it (AmTrust) retained counsel and in "his professional opinion" AmTrust and/or Wesco was not required to provide a copy of the Policy to its insured—despite it being the very contract between Wesco and RD Expedited that RD Expedited paid a valuable premium to obtain. Attached as ***Exhibit F*** is a true and correct copy of the email correspondence between counsel for RD Expedited and AmTrust.

FILED DATE: 5/23/2022 12:36 PM   2022L004594

29.     To date, Wesco has not provided a definitive response to RD Expedited's tender of defense and indemnification nor has it provided a copy of the Policy to RD Expedited.

**D.  *The Jones Lawsuit Is Ongoing.***

30.     The *Jones* Lawsuit continues to move forward with critical deadlines for discovery and dispositive motions quickly approaching and a trial set for September 5, 2022.

31.     As a result of Wesco's wrongful refusal to defend RD Expedited in the *Jones* Lawsuit, RD Expedited has incurred significant expense in the course of the litigation.

## COUNT I: Breach of Contract

32.     RD Expedited realleges the allegations of paragraphs 1 to 31 above as if fully set forth herein.

33.     RD Expedited and Wesco entered into a valid and enforceable contract in the form of an insurance policy.

34.     Upon information and belief, the Policy states that Wesco has a duty to defend any claim or lawsuit to which coverage potentially applies.

35.     Upon information and belief, RD Expedited has satisfied all conditions precedent under the Policy, or any conditions have been excused or waived as a result of Wesco's material breach.

36.     Again, Wesco's bad faith conduct has forced RD Expedited to plead the above allegation "upon information and belief" because Wesco has declined its own insured's request for a copy of the Policy.

37.     RD Expedited tendered an insurance claim to Wesco requesting that Wesco provide coverage as required under the Policy.  Wesco refused to honor the Policy by failing to provide coverage or definitively respond to its policyholder's tender of claim.

7

FILED DATE: 5/23/2022 12:36 PM    2022L004594

38.    Wesco has breached the contract (i.e., the Policy) between it and RD Expedited by failing to provide a defense to RD Expedited in the *Jones* Lawsuit.

39.    As a result, RD Expedited has sustained damage by having to defend itself and by the delay caused by Wesco's failure to respond to RD Expedited's request for information about the Policy.

40.    Wesco is responsible for damages, interest, and costs caused by its breach of contract, including, without limitation, attorney's fees and costs expended by RD Expedited to defend itself in the *Jones* Lawsuit.

### COUNT II: Unreasonable and Vexatious Conduct (215 ILCS §5/155)

41.    RD Expedited realleges the allegations of paragraphs 1 to 40 as if fully set forth herein.

42.    215 ILCS §5/155(1) provides:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>> (b) $60,000;
>> (c) The excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any which the company offered to pay in settlement of the claim prior to the action.

43.    As detailed above, Wesco's acts were "vexatious and unreasonable" because, without limitation, it (a) failed to provide its policyholder with a copy of the Policy; (b) misrepresented to its policyholder that, as a result of the receivership of Spirit, insurance was not available under the Policy; (c) refused to provide its policyholder with critical information when

FILED DATE: 5/23/2022 12:36 PM    2022L004594

asked to clarify whether coverage was available under the Policy; and (d) refused to respond to its policyholder's tender of defense and indemnification.

44.    Wesco's actions demonstrate a clear and manifest intent to avoid providing coverage to which its policyholder is entitled and which it paid a valuable premium for.

45.    Accordingly, based on these facts and all of the allegations stated here, Wesco has violated 215 ILCS §5/155(1).

46.    As a result of Wesco's conduct, RD Expedited has suffered economic damage resulting from the costs it has incurred for its defense in the *Jones* Lawsuit.  RD Expedited is entitled to all of the remedies set forth in 215 ILCS §5/155(1).

## COUNT III: Estoppel

47.    RD Expedited realleges the allegations of paragraphs 1 to 46 as if fully set forth herein.

48.    Upon information and belief, the Policy provides coverage to RD Expedited for the claims asserted against it in the *Jones* Lawsuit.

49.    Wesco breached its duty to defend RD Expedited by refusing to respond to RD Expedited's tender of defense and indemnification.

50.    Wesco has not sought a declaratory judgment that the Policy does not provide coverage to RD Expedited in the *Jones* Lawsuit nor has it provided defense to RD Expedited while reserving its rights under the Policy.

51.    Accordingly, based on these facts and all of the allegations stated herein, Wesco is estopped from claiming that it is not obligated to provide defense or indemnification to RD Expedited under the Policy.

FILED DATE: 5/23/2022 12:36 PM    2022L004594

## COUNT IV: Waiver

52.     RD Expedited realleges the allegations of paragraphs 1 to 51 as if fully set forth herein.

53.     Upon information and belief, the Policy provides coverage to RD Expedited for the claims asserted against it in the *Jones* Lawsuit.

54.     Wesco breached its duty to defend RD Expedited in the *Jones* Lawsuit by refusing to respond to RD Expedited's tender of claim.

55.     Wesco has not sought a declaratory judgment that the Policy does not provide coverage to RD Expedited in the *Jones* Lawsuit nor has it defended RD Expedited while reserving its rights under the Policy.

56.     Accordingly, based on these facts and all of the allegations stated herein, Wesco has waived all coverage defenses provided under the Policy.

## COUNT V: Declaratory Judgment

57.     RD Expedited realleges the allegations of paragraphs 1 to 56 as if fully set forth herein.

58.     Upon information and belief, the Policy provides coverage to RD Expedited for the claims asserted against it in the *Jones* Lawsuit.

59.     Upon information and belief, the Policy and applicable law required Wesco to provide a defense to RD Expedited based on the allegations in the Underlying Complaint.  This obligation continues until the completion of the *Jones* lawsuit.

60.     Pursuant to 735 ILCS § 5/2-701, in a case "of actual controversy," this Court may "make binding declarations of rights, having the force of final judgments," of interested parties.

FILED DATE: 5/23/2022 12:36 PM   2022L004594

61.     A controversy exists as required by 735 ILCS § 5/2-701 as to whether the Policy provides coverage, including defense, for the claims asserted against RD Expedited in the *Jones* Lawsuit.

62.     Under 735 ILCS § 5/2-701, it is appropriate for this Court to declare the rights of any interested party seeking such declaration.

63.     RD Expedited seeks declarations that (a) Wesco had and continues to have a duty to defend RD Expedited in the *Jones* Lawsuit and (b) Wesco has a duty to provide its policyholder, RD Expedited, with a copy of the Policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RD Expedited respectfully prays for the entry of judgment in its favor, and against the Defendant Wesco Insurance Company, as follows:

A.  Declaring under 735 ILCS § 5/2-701 that (a) Wesco had and continues to have a duty to defend RD Expedited in the Jones Lawsuit and (b) Wesco has a duty to provide its policyholder, RD Expedited, with a copy of the Policy;

B.  Awarding damages, costs, interests, and other relief from Wesco's breach of contract;

C.  Awarding all remedies permitted under 215 ILCS § 5/155, including reasonable attorney's fees, 60% of the amount which the court or jury finds they are entitled to recover against Wesco, and punitive damages;

D.  Awarding pre- and post-judgment interest at the maximum permissible rate at law or in equity; and

E.  For other and further relief as this Court deems just and equitable, including costs.

### PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES TRIABLE.

FILED DATE: 5/23/2022 12:36 PM    2022L004594

Date:  May 23, 2022

Respectfully submitted,

HUSCH BLACKWELL LLP (Firm No. 49807) &
OSTOJIC & SCUDDER, LLC

*Electronically signed by*


By:*Kayla E. Schmidt*
    One of its attorneys


Dieter J. Juedes (WI State Bar No. 1088880) (*Pro hac vice* admission pending)
dieter.juedes@huschblackwell.com
Kayla Schmidt (ARDC No. 6329688)
kayla.schmidt@huschblackwell.com
Anne V. O'Meara (WI State Bar No. 1103823) (*Pro hac vice* admission pending)
anne.omeara@huschblackwell.com
HUSCH BLACKWELL LLP
120 South Riverside Plaza
Chicago, IL 60606
Phone: 312.655.1500
Fax: 312.655.1501


511 North Broadway
Suite 1100
Milwaukee, WI 53202
Tel: 414.273.2100
Fax: 414.223.5000


John R. Ostojic
john@ostojiclaw.com
Ostojic & Scudder, LLC
19 N. Green St.
Chicago, IL 60607
Tel: 312.913.0860

FILED DATE: 5/23/2022 12:36 PM    2022L004594

## <u>VERIFICATION</u>

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

Dated:  May 23, 2022

13

FILED
5/23/2022 12:36 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L004594
Calendar, T
18003715

Exhibit A

FILED DATE: 5/23/2022 12:36 PM   2022L004594

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ESTATE OF ASHLEY FERGUSON JONES BY MARSHALL JONES, ADMINISTRATOR, MARSHALL JONES, INDIVIDUALLY, A.J., PPA MARSHALL JONES and M.J., PPA MARSHALL JONES,<br>Plaintiffs,<br><br>V.<br><br>MGR EXPRESS, INC,<br>MGR LEASE LLC, MGR FREIGHT LLC,<br>MGR EXPEDITED INC., MGR EXPEDITED 1 LLC, MGR AUTO LEASE LLC, MGR TRUCK RENTAL LLC, MGR TRUCK SALE INC., MGR TRUCK REPAIR, INC., MGR LOGISTICS INC., MGR 016 LLC, MGR 017 LLC and PLAINFIELD 014 LLC,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   NOVEMBER 27, 2018 |

## COMPLAINT

## NATURE OF THE ACTION

1.     The Plaintiffs, Estate of Ashley Ferguson Jones by Marshall Jones,

Administrator, Marshall Jones, Individually, Marshall Jones ppa A.J., a minor and

Marshal Jones ppa M.J., a minor, bring this action against the Defendants, MGR

1

FILED DATE: 5/23/2022 12:36 PM 2022L004594

EXPRESS, INC., MGR LEASE LLC, MGR FREIGHT LLC, MGR EXPEDITED, INC.,

MGR EXPEDITED 1 LLC, MGR AUTO LEASE LLC, MGR TRUCK RENTAL LLC, MGR

TRUCK SALE INC., MGR TRUCK REPAIR, INC., MGR LOGISTICS INC., MGR 016

LLC, MGR 017 LLC, PLAINFIELD 014 LLC, and RD EXPEDITED, INC.. This action

arises out of the negligence and recklessness of the Defendants.

## THE PARTIES

2.     On or about December 17, 2016, Marshall Jones, the husband of Ashley

Ferguson Jones, was appointed the Administrator of the Estate of Ashley Ferguson

Jones, the Plaintiff's decedent, by the Probate Court for Middletown, Connecticut.

3.     Marshall Jones is an individual residing in the Town of Canterbury,

Connecticut.

4.     A.J., a minor, is an individual residing in the Town of Canterbury,

Connecticut, and is the daughter of the Plaintiff's decedent and Marshall Jones.

5.     M.J., a minor, is an individual residing in the Town of Canterbury,

Connecticut, and is the son of the Plaintiff's decedent and Marshall Jones.

2

FILED DATE: 5/23/2022 12:36 PM   2022L004594

6.     The Defendant, MGR EXPRESS, INC., is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

7.     The Defendant, MGR LEASE LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

8.     The Defendant, MGR FREIGHT LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

9.     The Defendant, MGR EXPEDITED INC., is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

10.    The Defendant, MGR EXPEDITED 1 LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

3

FILED DATE: 5/23/2022 12:36 PM   2022L004594

11.     The Defendant, MGR AUTO LEASE LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Summit, Illinois.

12.     The Defendant, MGR TRUCK RENTAL LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

13.     The Defendant, MGR TRUCK SALE INC., is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

14.     The Defendant, MGR TRUCK REPAIR, INC., is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

15.     The Defendant, MGR LOGISTICS INC., is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

4

FILED DATE: 5/23/2022 12:36 PM   2022L004594

16.     The Defendant, MGR 016 LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

17.     The Defendant, MGR 017 LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

18.     The Defendant, PLAINFIELD 014 LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

19.     The Defendant, RD EXPEDITED, INC., is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

20.     The aforementioned Defendants are hereinafter known collectively as "MGR Defendants."

**JURISDICTION**

21.     This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because the Plaintiffs and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

**VENUE**

22.     Venue is proper in this District under 28 U.S.C. § 1391(a)(2) because the motor vehicle collision giving rise to this claim occurred in this District.

**FACTS**

23.     On or about December 1, 2016, the Plaintiffs' decedent was the operator of a motor vehicle stopped within the emergency shoulder area of Interstate 95 near Old Lyme, Connecticut for an emergency involving her child.

24.     At the same time and place, Nicolae Marcu was the operator of a tractor trailer truck traveling on Interstate 95 near Old Lyme, Connecticut.

25.     At the same time and place, when the Plaintiff's decedent stopped her vehicle in the emergency shoulder area and exited it to attend to her small child who was seated in her car seat in the rear of the vehicle experiencing an urgent sickness, the Nicolae Marcu suddenly and without warning drove his tractor trailer truck into said

6

FILED DATE: 5/23/2022 12:36 PM   2022L004594

shoulder area, striking the Plaintiff's decedent and her vehicle, causing her body to be thrown through the air more than 70 feet, slamming her to the ground, and causing her to suffer traumatic injuries that resulted in her untimely death.

26.     At all times mentioned herein, Nicolae Marcu was an agent, apparent agent, servant and/or employee of the MGR Defendants and was acting within the scope of his employment, agency, apparent agency and/or servitude in operating the vehicle.

27.     At all times mentioned herein, Nicolae Marcu was operating said trailer with the consent, knowledge, permission and/or authority of the MGR Defendants.

**FIRST CAUSE OF ACTION**
**WRONGFUL DEATH AS TO MGR DEFENDANTS**
**PURSUANT TO CONNECTICUT GENERAL STATUTES § 52-555**
**BROUGHT BY ESTATE OF ASHLEY FERGUSON JONES**

28.     Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

29.     The aforesaid collision, and the resulting injuries and damages to the Plaintiff were caused by the negligence, carelessness and statutory violations of the

7

FILED DATE: 5/23/2022 12:36 PM   2022L004594

MGR Defendants, in one or more of the following respects, in that their agent, servant, apparent agent and/or employee, Nicolae Marcu:

    a.  violated § 14-230 of the Connecticut General Statutes by failing to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

    b.  violated § 14-240 of the Connecticut General Statutes by failing to drive a reasonable distance from other vehicles, including the Plaintiffs' vehicle;

    c.  violated § 14-218a of the Connecticut General Statutes by operating his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

    d.  violated § 14-222 of the Connecticut General Statutes by operating his vehicle recklessly without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

    e.  violated § 14-80h of the Connecticut General Statutes by failing to equip or maintain his motor vehicle with adequate brakes;

    f.  violated § 14-81 of the Connecticut General Statutes by failing to equip his motor vehicle with an adequate braking system on all wheels;

    g.  violated § 14-98a of the Connecticut General Statutes by operating his motor vehicle with unsafe tires;

    h.  violated § 14-296aa(b) of the Connecticut General Statutes by operating an electronic device while operating a motor vehicle;

i.  violated § 14-296aa(b)(1) of the Connecticut General Statutes by operating a motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

j.  violated 49 C.F.R. § 392.3 of the by operating his motor vehicle while fatigued and/or ill;

k.  violated 49 C.F.R. § 392.4 by operating his motor vehicle while under the influence of drugs and/or other substances;

l.  violated 49 C.F.R. § 392.5 by operating his motor vehicle while under the influence of alcohol;

m. violated 49 C.F.R. § 392.7 by operating his motor vehicle with parts and/or accessories that were not in good working order;

n.  violated 49 C.F.R. § 392.80 by operating his motor vehicle while texting;

o.  violated 49 C.F.R. § 392.82 by operating his motor vehicle while using a hand-held mobile telephone;

p.  violated 49 C.F.R. § 393.40 by operating his motor vehicle without adequate brakes;

q.  violated 49 C.F.R. § 393.42 by operating his motor vehicle without brakes acting on all wheels;

r.  violated 49 C.F.R. § 393.48 by operating his motor vehicle without operative brakes;

FILED DATE: 5/23/2022 12:36 PM   2022L004594

FILED DATE: 5/23/2022 12:36 PM   2022L004594

s.   violated 49 C.F.R. § 393.75 by operating his motor vehicle with unsafe tires;

t.   violated 49 C.F.R. § 393.81 by operating his motor vehicle with a horn that was not in such condition as to give an adequate and reliable warning signal;

u.   violated 49 C.F.R. §391.41 by operating a commercial motor vehicle without being physically qualified to do so;

v.   violated 49 C.F.R. §  392.2 by failing to obey the traffic laws of the state in which he was operating;

w.   violated 49 C.F.R. § 395.3 by failing to comply with requirements regarding rest periods and maximum consecutive driving hours;

x.   violated 49 C.F.R. §396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396 regarding inspection, repair and maintenance;

y.   violated 49 C.F.R. § 396.7 by operating a motor vehicle in an unsafe condition;

z.   failed to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

aa. failed to drive a reasonable distance from other vehicles on the roadway;

bb. operated his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

10

FILED DATE: 5/23/2022 12:36 PM   2022L004594

cc. operated his motor vehicle in a reckless and dangerous manner;

dd. failed to have and keep his vehicle under reasonable and proper control;

ee. failed to apply his brakes in a timely manner or otherwise turn his vehicle so as to avoid a collision;

ff. failed to sound his horn or otherwise warn of his impending approach;

gg. was inattentive and failed to keep a proper lookout while operating his motor vehicle when he knew said conduct was likely to cause a collision;

hh. failed to exercise due care and caution and drove his vehicle directly into the side of the Plaintiffs' vehicle thereby causing a collision;

ii. failed to make proper use of his faculties and senses so as to avoid a collision;

jj. failed to equip or maintain his motor vehicle with adequate brakes;

kk. failed to equip or maintain his motor vehicle with adequate and safe tires;

ll. operated his motor vehicle while operating a cellular telephone;

mm. operated his motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

nn. failed under all the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the Plaintiff;

oo. failed to operate his vehicle so as to avoid endangering other lawful users of the roadway; and

pp. struck the side of the Plaintiff's vehicle.

30.    As a result of the negligence, carelessness and statutory violations of the Defendants, the Plaintiff's decedent's body was thrown through the air and struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

31.    As a result of the negligence, carelessness, and statutory violations of the Defendants, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

32.    As a result of the negligence, carelessness and statutory violations of the Defendants, the Plaintiff's decedent suffered physical and mental pain, anguish and

12

FILED DATE: 5/23/2022 12:36 PM   2022L004594

FILED DATE: 5/23/2022 12:36 PM   2022L004594

anxiety, as well as conscious pain and suffering.

33.    As a further result of the negligence, carelessness and statutory violations of the Defendants, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

34.    As a further result of the negligence, carelessness and statutory violations of the Defendants, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

35.    As a further result of the negligence, carelessness and statutory violations of the Defendants, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

## SECOND CAUSE OF ACTION

### WRONGFUL DEATH – RECKLESSNESS AS TO MGR DEFENDANTS PURSUANT TO CONNECTICUT GENERAL STATUTES § 14-295 BROUGHT BY ESTATE OF ASHLEY FERGUSON JONES

36.    Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

37.    Said collision and the resulting injuries and the damages of the Plaintiff

13

FILED DATE: 5/23/2022 12:36 PM   2022L004594

were caused by the reckless and wanton conduct and statutory violations of the MGR

Defendants, in one or more of the following respects, in that their agent, servant,

apparent agent and/or employee, Nicolae Marcu:

    a.    Violated Section 14-222 of the Connecticut General Statutes by operating his motor vehicle deliberately and with reckless disregard for the safety of others by driving at an unreasonable rate of speed on a heavily traveled roadway without due regard for the width, traffic and use of said roadway, even though he knew or should have known his actions presented a high degree of danger, yet ignored said risk and danger resulting in him driving his vehicle directly into the side of the Plaintiffs' decedent's vehicle; and

    b.    Violated Section 14-218a of the Connecticut General Statutes by operating his motor vehicle deliberately and with reckless disregard for the safety of others by looking away from the roadway when traveling at such a rate of speed as to endanger the life of any person other than the operator, thereby causing a collision with the Plaintiffs' decedent's vehicle, even though he knew or should have known his actions presented a high degree of danger, yet ignored said risk and danger.

    38.    By operating his motor vehicle recklessly, Nicolae Marcu, chose a course

of action which he knew or should have known posed a serious danger to the Plaintiffs'

decedent and others, and such conduct was a substantial factor in causing the collision

and resulting injuries.

    39.    As a result of the recklessness, carelessness and statutory violations of

the Defendants, the Plaintiff's decedent's body was thrown through the air and struck

FILED DATE: 5/23/2022 12:36 PM   2022L004594

the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

40.   As a result of the recklessness, carelessness, and statutory violations of the Defendants, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

41.   As a result of the recklessness, carelessness and statutory violations of the Defendants, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

42.   As a further result of the recklessness, carelessness and statutory violations of the Defendants, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

43.   As a further result of the recklessness, carelessness and statutory violations of the Defendants, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

15

FILED DATE: 5/23/2022 12:36 PM    2022L004594

44.    As a further result of the recklessness, carelessness and statutory violations of the Defendants, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

### THIRD CAUSE OF ACTION
### WRONGFUL DEATH – COMMON LAW RECKLESSNESS AS TO
### MGR DEFENDANTS BROUGHT BY ESTATE OF ASHLEY FERGUSON JONES

45.    Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

46.    Said collision and the resulting injuries and the damages of the Plaintiffs' decedent were caused by the reckless and wanton conduct of the MGR Defendants, in one or more of the following respects, in that their agent, servant, apparent agent and/or employee, Nicolae Marcu:

a.    Operated his vehicle deliberately or with reckless disregard for the safety of others, including the Plaintiffs' decedent, by driving at a high rate of speed and onto the shoulder of the roadway even though he knew or should have known that there was a stopped and/or disabled vehicle on the shoulder and that his actions presented a high degree of danger, yet ignored said risk of danger and thereby drove his vehicle directly into the side of the Plaintiffs' decedent's vehicle;

b.    Operated his vehicle deliberately or with reckless disregard for the safety

16

of others, including the Plaintiffs' decedent, by looking away from the roadway while accelerating and crossing over into the shoulder of the roadway, even though he knew or should have known his actions presented a high degree of danger of striking a disabled vehicle on the shoulder of the roadway, yet ignored said danger and risk.

47.    The reckless and wanton conduct of the Defendants, through their agent, servant, apparent agent and/or employee, Nicolae Marcu, was a substantial factor in causing the collision and the Plaintiffs' decedent's injuries and damages resulting therefrom.

48.    As a result of the recklessness and carelessness of the Defendants, the Plaintiffs' decedent's body was thrown through the air and struck the pavement. As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain. As a further result, she experienced conscious pain and suffering before her death.

49.    As a result of the recklessness and carelessness of the Defendants, the Plaintiffs' decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

17

FILED DATE: 5/23/2022 12:36 PM   2022L004594

50.     As a result of the recklessness and carelessness of the Defendants, the Plaintiffs' decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

51.     As a further result of the recklessness and carelessness and of the Defendants, the Plaintiffs' decedent suffered the premature loss of the enjoyment of all of life's activities.

52.     As a further result of the recklessness and carelessness of the Defendants, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

53.     As a further result of the recklessness and carelessness of the Defendants, the Plaintiffs' decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

## FOURTH CAUSE OF ACTION
### LOSS OF CONSORTIUM AS TO MGR DEFENDANTS
### BROUGHT BY MARSHALL JONES

54.     Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

18

FILED DATE: 5/23/2022 12:36 PM   2022L004594

55.     As a result of the negligence and carelessness of the MGR Defendants, as aforesaid, through their agents, servants, apparent agents and/or employees, the Plaintiff, Marshall Jones, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of his wife and will continue to suffer such deprivation in the future.

## FIFTH CAUSE OF ACTION
## LOSS OF CONSORTIUM AS TO MGR DEFENDANTS
## BROUGHT BY M.J., PPA MARSHALL JONES

56.     Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

57.     As a result of the negligence and carelessness of the MGR Defendants, as aforesaid, through their agents, servants, apparent agents and/or employees, the Plaintiff, M.J., a minor, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of his mother, Ashley Jones, and will continue to suffer such deprivation in the future.

19

FILED DATE: 5/23/2022 12:36 PM    2022L004594

### SIXTH CAUSE OF ACTION
### LOSS OF CONSORTIUM AS TO MGR DEFENDANTS
### BROUGHT BY A.J., a minor PPA MARSHALL JONES

58.    Plaintiffs incorporate by reference herein the allegations of the previous
paragraphs of this Complaint for Damages as if each were fully set forth herein in their
entirety.

59.    As a result of the negligence and carelessness of the MGR Defendants,
as aforesaid, through their agents, servants, apparent agents and/or employees, the
Plaintiff, A.J., a minor, has been and will be deprived of the love, comfort, association,
companionship, support, services, care, affection, society and consortium of her mother
and will continue to suffer such deprivation in the future.

### SEVENTH CAUSE OF ACTION
### BYSTANDER EMOTIONAL DISTRESS AS TO MGR DEFENDANTS
### BROUGHT BY A.J., a minor, PPA MARSHALL JONES

60.    Plaintiffs incorporate by reference herein the allegations of the previous
paragraphs of this Complaint for Damages as if each were fully set forth herein in their
entirety.

61.    On December 1, 2016, when the Plaintiffs' decedent was killed in a motor
vehicle collision and her body was thrown from the side of the vehicle, her daughter, the

FILED DATE: 5/23/2022 12:36 PM   2022L004594

Plaintiff, A.J., a minor, was in close proximity to her and contemporaneously witnessed her get struck by a vehicle, get thrown a distance and land on the pavement, suffer fatal injuries, conscious pain and suffering and die.  As a result, the Plaintiff, A.J., a minor, has suffered from nervous shock, extreme emotional turmoil and mental distress, all caused by the sight of her mother getting killed due to the negligence and carelessness of the Defendants.

62.     As a further result of the MGR Defendants' conduct, the Plaintiff, A.J., a minor, has suffered painful psychiatric conditions requiring her to undergo mental health counseling, treatment and to receive prescription medications, and requiring her to spend various sums of money for these treatments.

63.     As a further result, the Plaintiff, A.J., a minor, will likely suffer emotional distress and mental pain for the rest of his life, requiring her to spend additional sums of money for psychiatric and psychological care, mental health care and treatment, and prescription medications, all to her loss and damage.

## EIGHTH CAUSE OF ACTION
## JOINT VENTURE, ALTER EGO, AGENCY AND PIERCING THE CORPORATE VEIL AS TO THE MGR DEFENDANTS BROUGHT BY PLAINTIFFS

64.     Plaintiffs incorporate by reference herein the allegations of the previous

FILED DATE: 5/23/2022 12:36 PM   2022L004594

paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

65.    On information and belief, the MGR Defendants operated as a joint venture and acted in the scope of authority of such agency and in the scope of and in furtherance of their joint venture at the time this cause of action arose, thereby rendering the MGR Defendants liable for the acts and omissions of each other, as well as their employees, agents, apparent agents and servants.

66.    On information and belief, the MGR Defendants engaged in the following acts, one or more of which are sufficient to show joint venture, alter ego, agency and/or a piercing of the corporate veil, to-wit:

        a.  Comingled funds and assets;

        b.  Failed to segregate funds;

        c.  Diverted funds or assets to one another;

        d.  Permitted shareholders to treat corporate assets as their own;

        e.  Failed to maintain corporate minutes;

        f.  Had identical or nearly identical equitable ownership interests in each entity;

22

FILED DATE: 5/23/2022 12:36 PM   2022L004594

g.  Had the officers and directors of one corporate entity controlling the other corporate entities;

h.  Used the same offices or business location to conduct the business of each corporate entity;

i.  Employed the same employees at one or more corporate entity;

j.  Shared employees among one or more corporate entity;

k.  Permitted employees of one corporate entity to direct the acts of one or more of the other corporate entities;

l.  Created a system to under-capitalize its corporate entities;

m.  Used the corporate entities as merely shells;

n.  Used the corporate entities as an instrumentality or conduit for a single venture of another corporation;

o.  Disregarded the legal formalities required of corporate entities in the State of Illinois;

p.  Failed to maintain arms-length relationships among the corporate equities;

q.  Used the corporate identity of one or more corporate identity to procure labor, services or merchandise for another corporate entity;

r.  Diverted assets from a corporate by or to a stockholder or other person or entity to the detriment of creditors, such as the Plaintiffs; and/or

23

FILED DATE: 5/23/2022 12:36 PM    2022L004594

  s. Manipulated corporate assets and liabilities in entities so as to concentrate the assets in one and the liabilities in another.

  67. The MGR Defendants abused the corporate forms of the MGR Defendants such that they are each other's alter egos and an instrumentality for the transaction of each other's affairs. The MGR Defendants disregarded ht separateness of these legal Defendants for the purpose of perpetrating a sham to defeat justice as well as tort, statutory, and contractual responsibility.

  68. Under the doctrine of alter ego, the MGR Defendants are liable for the activities of any business they so organized and controlled and its business conducted in such a manner as to make it merely an agency, instrumentality, or alter ego of the MGR Defendants.

  69. At the time of the subject collision, Nicolae Marcu was acting in furtherance and in the scope of the MGR Defendants' business and joint venture.

  70. There was a unity of interest among the MGR Defendants such that the separate personalities of the respective Defendants ceased to exist.

  71. Adherence to the doctrine of separate corporate Defendants among the MGR Defendants would promote injustice and/or fraud.

24

FILED DATE: 5/23/2022 12:36 PM   2022L004594

72.     With respect to the negligent acts and omissions causing the subject collision and the resulting damages, injuries and death, the MGR Defendants operated as a single economic entity.

73.     As a consequence of their joint venture, the MGR Defendants owed a joint duty to the Plaintiffs to use reasonable care for their safety.

74.     Under the doctrine of joint venture, the MGR Defendants are liable for the conduct of the other parties to the joint venture, as well as their employees, servants and agents.

75.     At the time of the subject collision, Nicolae Marcu was acting as a dual servant and/or agent of the MGR Defendants. Consequently, the MGR Defendants are liable for the torts of Nicolae Marcu.

76.     The MGR Defendants operate as a joint venture in their motor carrier operations, including the training, hiring and retention of drivers and setting the policies and procedures for safety training and implementation for MGR Defendants.

77.     The MGR Defendants' negligence proximately caused the Plaintiffs' respective emotional, mental and physical injuries and the wrongful death of the Plaintiffs' decedent, as set forth more fully herein.

25

FILED DATE: 5/23/2022 12:36 PM   2022L004594

78.     The MGR Defendants are liable to the Plaintiffs for all damages allowed by law for the injuries, death, damages and losses sustained by the Plaintiffs as a result of the negligence of Nicolae Marcu and/or their own independent negligence.

**WHEREFORE**, the Plaintiffs pray for relief against the Defendants as follows:

1.     Compensatory damages of $30 million, in excess of the amount required for federal diversity jurisdiction, and in an amount to fully compensate the Plaintiffs for all their injuries and damages, both past and present;

2.     Special damages, in excess of the amount required for federal diversity jurisdiction and in an amount to fully compensate the Plaintiffs for all of their injuries and damages, both past and present;

3.     Punitive damages;

4.     Double and triple damages as allowed by law;

5.     Attorneys' fees, expenses and costs of this action;

6.     Pre-judgment and post-judgment interest in the maximum amount allowed by law; and,

7.     Such further relief as the Court deems necessary, just and proper.

FILED DATE: 5/23/2022 12:36 PM   2022L004594

Plaintiffs demands a trial by jury of all claims asserted in Their Complaint.

Dated:  November 27, 2018

Respectfully submitted,

By: /s/ Kelly E. Reardon (ct28441)
Kelly E. Reardon (ct28441)
THE REARDON LAW FIRM, P.C.
160 Hempstead St.
P.O. Drawer 1430
New London, CT   06320
Phone:  860-442-0444
Fax:  860-444-6445
Email:  kreardon@reardonlaw.com

27

Exhibit B

**Hallmark Insurance Company**
**777 Main Street, Suite 1000**
**Fort Worth, TX  76102**
**(800) 866-0047**

# Declarations
# Excess Liability Policy

FILED DATE: 5/23/2022 12:36 PM  2022L004594

| PRODUCER CODE | OFFICE | PREVIOUS POLICY NUMBER | |
|---|---|---|---|
| | | **New** | |

| AUDIT FREQUENCY | AGENT | S.L. BROKER | |
|---|---|---|---|
| *Not Subject | **Hallmark E&S** | **N/A** | |

| NAMED INSURED IS: | BUSINESS OF INSURED | | PIIC |
|---|---|---|---|
| **Corporation** | **Trucker for Hire** | | |

Policy Number:  **66HX16398F**

Policy Period:  **From 7/23/2016 To 7/23/2017**
12:01 A.M. Standard Time at the Address of the Named Insured as stated herein

| NAMED INSURED AND ADDRESS | COVERAGE IS PROVIDED IN THE COMPANY DESIGNATED BELOW |
|---|---|
| **RD Expedited, Inc.**<br>**8750 W 82nd Place**<br>**Justice, IL  60458** | **Hallmark Insurance Company**<br>**777 Main Street, Suite 1000**<br>**Fort Worth, TX  76102** |

## Limits of Insurance

| | | | |
|---|---|---|---|
| **$5,000,000** | Each Occurrence | **$5,000,000** | Aggregate |

## Premium
Basis of Premium:

| | | | |
|---|---|---|---|
| **$94,000** | Total Advance Premium | **$94,000** | Minimum Annual Premium |
| **$0.00** | Taxes | **$0.00** | Surcharges |
| | Terrorism Premium included in above | **25%** | Minimum Earned |

## Schedule of Underlying Insurance
The Schedule is described on form no. HB 00 01 01 09, which forms a part of the Policy's Declarations.

## Endorsements Attached to and forming a part of this Policy at inception:

| | | | |
|---|---|---|---|
| HB 00 01 01 09 (12-94) | Schedule of Underlying Insurance | HB 00 12 01 09 (01-09) | Fungi Or Bacteria Exclusion |
| HB 00 16 01 09 (01-09) | Pollution Liability - Broadened Coverage | HB 00 18 01 09 (01-09) | Silica, Dust And Particulate Matter Exclusion - Hostile Fire Exception |
| HB 00 21 01 16 (01-16) | Signature Page | HB 12 01 01 09  (01-09) | Illinois Changes  - Cancellation, Nonrenewal And State Required Conditions |
| HX 00 01 01 09 (12-94) | Declarations Excess Liability | HX 00 01 07 12 (07-12) | Privacy Policy Disclosure Notice |
| HX 00 02 10 11 (10-11) | Excess Liability Policy | HX 00 24 01 09 (01-09) | Cross Suits Exclusion |
| HX 00 32 01 09 (01-09) | Employee Benefit Plan Limitation | HX 00 53 01 09 (01-09) | Professional Liability Exclusion (A) |
| HX 00 61 01 09 (01-09) | Wrong Delivery Of Liquid Products Exclusion | HX 12 02 01 09 (01-09) | Punitive Damages Exclusion (Illinois) |
| HX 12 03 01 09 (01-09) | Illinois Amendatory Endorsement | IL P 001 01 04 (01-04) | U.S. Treasury Dept. ("OFAC") |

| DATE OF ISSUE | SIGNATURE OF AUTHORIZED AGENT |
|---|---|
| August 01, 2016 | |

HX 00 01 01 09

FILED DATE: 5/23/2022 12:36 PM    2022L004594



# *Schedule of Underlying Insurance*

POLICY NUMBER

66HX16398F

**Commercial Auto Liability**

Company   Wesco Insurance Company

Term   7/23/2016 - 7/23/2017

Bodily Injury & Property Damage Combined Single Limit -
Each Accident:      $1,000,000

FILED DATE: 5/23/2022 12:36 PM    2022L004594

# CROSS SUITS EXCLUSION

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### This endorsement modifies insurance provided under the following:

### EXCESS LIABILITY POLICY

This insurance does not apply to any liability arising out of any claim or SUIT by one Named Insured against another Named Insured.

_____
Authorized Agent

HX 00 24 01 09        Ptd. in U.S.A.

FILED DATE: 5/23/2022 12:36 PM    2022L004594

# EMPLOYEE BENEFIT PLAN LIMITATION

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### This endorsement modifies insurance provided under the following:

### EXCESS LIABILITY POLICY

Except insofar as coverage is available to YOU in the UNDERLYING INSURANCE and for the full limits of liability shown therein, this insurance does not apply to liability arising out of any actual or alleged negligent act, error, omission, misstatement, misleading statement, neglect or breach of duty in the ADMINISTRATION of any EMPLOYEE BENEFIT PROGRAM(S).

ADMINISTRATION includes but is not limited to performing any of the following functions for an EMPLOYEE BENEFIT PROGRAM:

1.  Counseling EMPLOYEES on YOUR EMPLOYEE BENEFIT PROGRAMS;

2.  Interpreting YOUR EMPLOYEE BENEFIT PROGRAMS;

3.  Handling records for YOUR EMPLOYEE BENEFIT PROGRAMS;

4.  Effecting enrollment, termination or cancellation of EMPLOYEES under YOUR EMPLOYEE BENEFIT PROGRAMS;

5.  Calculation of benefits, periods of service, and compensation credits for YOUR EMPLOYEE BENEFIT PROGRAMS;

6.  Collection of contributions and application of contributions as provided in YOUR EMPLOYEE BENEFIT PROGRAMS;

7.  Preparation of reports required by government agencies, or EMPLOYEE communication materials concerning YOUR EMPLOYEE BENEFIT PROGRAMS; or

8.  Processing of claims for YOUR EMPLOYEE BENEFIT PROGRAMS.

EMPLOYEE BENEFIT PROGRAM(S) include but are not limited to group life insurance, group accident or health insurance, pension plans, stock subscription plans, travel, vacation or saving plans, profit sharing plans, social security benefits, unemployment insurance, workers' compensation and disability benefits insurance, and any other similar benefit program.

_____

Authorized Agent

HX 00 32 01 09          Ptd. in U.S.A.

FILED DATE: 5/23/2022 12:36 PM    2022L004594

# FUNGI OR BACTERIA EXCLUSION

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### This endorsement modifies insurance provided under the following:

**COMMERCIAL UMBRELLA LIABILITY POLICY
EXCESS LIABILITY POLICY**

This insurance does not apply to any injury, damage, expense, cost, loss, liability, or legal obligation arising out of or in any way related to:

the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury, damage, expense, cost, loss, liability or legal obligation.

"Fungi" means any type or form of fungus, mold, mildew, mycotoxins, spores, or scents or by-products produced or released by "fungi", but does not include any "fungi" intended by the insured for human consumption.

HB 00 12 01 09

## ILLINOIS AMENDATORY ENDORSEMENT

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | | |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**This endorsement modifies insurance provided under the following:**

**EXCESS LIABILITY POLICY**

The last paragraph of I. MAINTENANCE OF UNDERLYING INSURANCE is replaced with the following:

If such UNDERLYING INSURANCE is not maintained in full effect, or if any limits of liability of UNDERLYING INSURANCE are:

1. less than as stated in the Schedule of UNDERLYING INSURANCE; or

2. unavailable due to bankruptcy or insolvency of an underlying insurer; or

3. if there is any material change in the coverage of any UNDERLYING INSURANCE;

then the insurance afforded by this policy shall apply in the same manner as if such UNDERLYING INSURANCE and limits of liability had been in effect, available, so maintained and unchanged. YOU agree to notify US promptly if any UNDERLYING INSURANCE is cancelled or terminated.

_____

Authorized Agent

FILED DATE: 5/23/2022 12:36 PM   2022L004594

# ILLINOIS CHANGES – CANCELLATION, NONRENEWAL AND STATE REQUIRED CONDITIONS

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### This endorsement modifies insurance provided under the following:

### COMMERCIAL UMBRELLA LIABILITY POLICY

### EXCESS LIABILITY POLICY

I.   Condition D., CANCELLATION, **SECTION IV**, is deleted and replaced by the following:

D.   CANCELLATION AND NONRENEWAL

  a.   Cancellation

   (1)  The Named Insured shown in the Declarations may cancel this policy by mailing to us advance written notice of cancellation.

   (2)  We may cancel this policy as follows:

    (a)  If this policy has been in effect for 60 days or less, we may cancel this policy by mailing to the Named Insured written notice of cancellation at least:

     (i)  15 days before the effective date of cancellation if we cancel for nonpayment of premium; or

     (ii) 60 days before the effective date of cancellation if we cancel for any other reason.

    (b)  If this policy has been in effect for 61 days or more, we may cancel this policy by mailing to the Named Insured written notice of cancellation at least:

     (i)  15 days before the effective date of cancellation, if we cancel for nonpayment of premium; or

     (ii) 60 days before the effective date of cancellation if we cancel for any other reason.

    After this policy has been in effect for 60 days, it may be cancelled only for one of the following reasons:

     (i)   Nonpayment of premium;

     (ii)  The policy was obtained through a material misrepresentation;

     (iii) Any insured violated any of the terms and conditions of the policy;

     (iv)  The risk originally accepted has measurably increased;

     (v)   Certification to the Director of the loss of reinsurance by the insurer which provided coverage to the insurer for all or a substantial part of the underlying risk insured; or

     (vi)  A determination by the Director that the continuation of the policy could place the insurer in violation of the insurance laws of this state.

HB 12 01 01 09

FILED DATE: 5/23/2022 12:36 PM   2022L004594

FILED DATE: 5/23/2022 12:36 PM   2022L004594

(c)  Notice of cancellation will include an explanation of the reason(s) for cancellation.

(d)  We will mail our notice to the last mailing address known to us.

(e)  Notice of cancellation will state the effective date of cancellation.  The policy period will end on that date.

**(f)**  If this policy is cancelled, we will send the Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the Named Insured cancels, the refund may be less than pro rata.  The cancellation will be effective even if we have not made or offered a refund.

(g)  Proof of mailing will be sufficient proof of notice.

b.  WHEN WE DO NOT RENEW

If we decide not to renew this policy we will mail to the Named Insured written notice of nonrenewal no less than 60 days before the expiration date.  Even if we do not comply with these terms, this policy will terminate:

(1)  On the expiration date, if:

(a)  You fail to perform any of your obligations in connection with the payment of premium for the policy or the renewal of the policy, or any installment payment, whether payable directly to us or our agents or indirectly under any premium finance plan or extension of credit; or

(b)  We have indicated our willingness to renew this policy to you or your representative; or

(c)  You have notified us or our agent that you do not want to renew this policy.

(2)  On the effective date of any other insurance policy replacing this policy.

If notice is mailed, proof of mailing will be sufficient proof of notice. We will mail our notice to the last mailing address known to us.  Notice of renewal will include an explanation of the reason(s) for nonrenewal.

FILED DATE: 5/23/2022 12:36 PM    2022L004594

## POLLUTION LIABILITY - BROADENED COVERAGE

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Policy Symbol | Policy Number | | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### This endorsement modifies insurance provided under the following:

## COMMERCIAL UMBRELLA LIABILITY POLICY
## EXCESS LIABILITY COVERAGE FORM

If Pollution Liability - Broadened Coverage for Covered Autos is provided in the UNDERLYING INSURANCE or liability is imposed on the INSURED or the INSURED'S insurer under the terms of "Endorsement for Motor Carrier Policy of Insurance for Public Liability" under Section 29 and 30 of the Motor Carrier Act of 1980, such coverage shall apply under this policy, but only:

(1) Insofar as coverage is available to the INSURED in the   UNDERLYING INSURANCE; and

(2) Subject to the full limits of liability shown in the UNDERLYING INSURANCE.

_____

Authorized Agent

HB 00 16 01 09

FILED DATE: 5/23/2022 12:36 PM   2022L004594

# PROFESSIONAL LIABILITY EXCLUSION (A)

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### This endorsement modifies insurance provided under the following:

### EXCESS LIABILITY POLICY

This insurance does not apply to any liability arising out of the providing or failing to provide any services of a professional nature.

_____

Authorized Agent

HX 00 53 01 09

FILED DATE: 5/23/2022 12:36 PM    2022L004594

# PUNITIVE   DAMAGES   EXCLUSION   (ILLINOIS)

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### This endorsement modifies insurance provided under the following:

### EXCESS LIABILITY POLICY

This insurance does not apply to fines, penalties, punitive damages, exemplary damages, or treble damages in whatever form assessed (unless prohibited by law) except that if a SUIT shall have been brought against the INSURED with respect to a claim for acts or alleged  acts falling  within the coverage  hereof, seeking  both compensatory and punitive or exemplary damages, then subject to the terms and conditions of SECTION  I INSURING AGREEMENT "C1", WE will afford a defense to such action without liability however for punitive or exemplary damages.

_____
Authorized Agent

HX 12 02 01 09                                                                                      Page 1 of 1

FILED DATE: 5/23/2022 12:36 PM    2022L004594

# SILICA, DUST AND PARTICULATE MATTER EXCLUSION - HOSTILE FIRE EXCEPTION

| Named Insured | | Endorsement Number |
|---|---|---|
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### This endorsement modifies insurance provided under the following:

**COMMERCIAL UMBRELLA LIABILITY POLICY
EXCESS LIABILITY POLICY
EXCESS LIABILITY CATASTROPHE POLICY**

This insurance does not apply to any injury, damage, expense, cost, loss, liability or legal obligation arising out of, resulting from, or in any way related to, in whole or in part, the respiration, inspiration, inhalation or breathing in of dust or particulate matter. Dust or particulate matter may include, but is not limited to: dust, particulate matter, inspirable dust, respirable dust, smoke, mist, dirt, fibers, grit, soot, salt, acids, bases, metals, aerosols, crystals, minerals, sand, silicates, or silica.

The addition of this endorsement does not imply that other policy provisions, including but not limited to any pollution exclusion or asbestos exclusion, do not also exclude coverage for dust or particulate matter related injury, damage, expense, cost, loss, liability, or legal obligation.

This exclusion does not apply to: "bodily injury" or "property damage" caused by heat, smoke or fumes from a hostile fire:

(1)  At or from the premises you own, rent or occupy; or

(2)  At or from any site or location on which you or any of your contractors working directly or indirectly on your behalf are performing operations, if "pollutants" are brought on or to the site in connection with such operations.

A hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

_____
Authorized Representative

Includes copyrighted material of Insurance Service Office, Inc., with its permission

IL P 001 01 04

# U.S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL ("OFAC")
# ADVISORY NOTICE TO POLICYHOLDERS

No coverage is provided by this Policyholder Notice nor can it be construed to replace any provisions of your policy. You should read your policy and review your Declarations page for complete information on the coverages you are provided.

This Notice provides information concerning possible impact on your insurance coverage due to directives issued by OFAC. **Please read this Notice carefully.**

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous:

- Foreign agents;
- Front organizations;
- Terrorists;
- Terrorist organizations; and
- Narcotics traffickers;

as "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's web site – http//www.treas.gov/ofac.

In accordance with OFAC regulations, if it is determined that you or any other insured, or any person or entity claiming the benefits of this insurance has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, this insurance will be considered a blocked or frozen contract and all provisions of this insurance are immediately subject to OFAC. When an insurance policy is considered to be such a blocked or frozen contract, no payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments also apply.

FILED DATE: 5/23/2022 12:36 PM   2022L004594

# WRONG DELIVERY OF LIQUID PRODUCTS EXCLUSION

| Named Insured | Endorsement Number |
|---|---|

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|

| Issued By (Name of Insurance Company) |
|---|

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### This endorsement modifies insurance provided under the following:

### EXCESS LIABILITY POLICY

This insurance does not apply to any liability arising out of the delivery of any liquid into the wrong receptacle or to the wrong address or the erroneous delivery of one liquid for another if the injury or damage occurs after delivery has been completed.

Delivery is considered completed even if further service or maintenance work, or correction, repair or replacement is required because of wrong delivery.

_____
Authorized Agent

HX 00 61 01 09

FILED DATE: 5/23/2022 12:36 PM    2022L004594

FILED DATE: 5/23/2022 12:36 PM    2022L004594

# Excess Liability Policy

WE, the Company named in the Declarations, relying upon the statements shown on the Declarations page and in the Schedule of UNDERLYING INSURANCE attached to this policy, and in return for the payment of the premium and subject to the terms, conditions, exclusions, and limits of insurance of this policy, agree with YOU as follows:

## SECTION I
## INSURING AGREEMENTS

### A. COVERAGE

This insurance only applies to injury or damage covered by the UNDERLYING INSURANCE, and that takes place during OUR policy period. WE will pay on YOUR behalf the ULTIMATE NET LOSS in excess of the applicable limits of the UNDERLYING INSURANCE listed in the attached Schedule of UNDERLYING INSURANCE (whether such insurance is collectible or not). If the UNDERLYING INSURANCE does not pay a loss for reasons other than the exhaustion of an aggregate limit of insurance, then WE shall not pay such loss.

The Definitions, Terms, Conditions, Limitations, and Exclusions of the UNDERLYING INSURANCE, in effect at the inception date of this policy, apply to this coverage unless they are inconsistent with provisions of this policy, or relate to premium, subrogation, any obligation to defend, the payment of expenses, limits of insurance, cancellation or any renewal agreement.

### B. LIMITS OF INSURANCE

The Limit of Insurance stated in the Declarations as applicable to "each OCCURRENCE" shall be the total limit of OUR liability for all covered damages sustained as the result of any one OCCURRENCE.

The Limit of Insurance stated in the Declarations as "aggregate" shall be the total limit of OUR liability for all covered damages sustained during each annual period of this policy; and for which any UNDERLYING INSURANCE provides coverage that is subject to an aggregate limit. If the UNDERLYING INSURANCE limit has been reduced or exhausted solely by reason of losses paid thereunder arising out of OCCURRENCES which take place during OUR policy period, then this policy shall:

1. in the event of reduction, pay the excess of the reduced underlying limit;
2. in the event of exhaustion continue in force as UNDERLYING INSURANCE.

The aggregate limit of this policy shall apply separately to (i) the products-completed operations hazard as defined in the UNDERLYING INSURANCE and (ii) any other coverage in which the UNDERLYING INSURANCE provide(s) an aggregate limit. If the UNDERLYING INSURANCE does not provide an aggregate limit for coverage(s), OUR liability for ULTIMATE NET LOSS (except for the products-completed operations hazard as referred to in "i" above) is likewise not subject to an aggregate limit for such coverage(s).

### C. DEFENSE PROVISIONS AND SUPPLEMENTAL PAYMENTS

1. DEFENSE PROVISIONS

   When insurance is available to the INSURED in any UNDERLYING INSURANCE, WE shall not be called upon to assume charge of the investigation, settlement or defense of any SUIT brought against the INSURED, but WE shall have the right and be given the opportunity to be associated in the defense and trial of any SUITS relative to any OCCURRENCE which, in OUR opinion, may create liability on the part of US under the terms of this policy.

   We will assume charge of the settlement or defense of any SUIT brought against the INSURED to which this policy applies and to which no UNDERLYING INSURANCE applies because of the exhaustion of aggregate limits of insurance.

   If WE assume any right, opportunity or obligation, WE shall not be obligated to defend any SUIT after the applicable limits of this policy have been exhausted.

2. SUPPLEMENTAL PAYMENTS

   WE will pay the following with respect to any claim or SUIT WE defend:

   a. all expenses incurred by US.

   b. all premiums on appeal bonds or bonds to release attachments, but only for bond amounts that do not exceed the limits of this policy. WE shall have no obligation to apply or furnish such bonds.

   c. all reasonable expenses incurred by the INSURED at OUR request in assisting US in the investigation or defense of any claim or SUIT, including actual loss of earnings up to $250 a day because of time off from work.

   d. all costs taxed against the INSURED in any SUIT defended by US.

   e. all pre-judgement interest awarded against the INSURED on that part of the judgement WE pay. If WE make an offer to pay the applicable limit of insurance, WE will not pay any pre-judgement interest based on that period of time after the offer.

FILED DATE: 5/23/2022 12:36 PM    2022L004594

f. all interest on that part of any judgement which accrues after entry of the judgement and before WE have paid, offered to pay, or deposited in court that part of the judgement which does not exceed the limit of liability of this policy.

3. Subject to all of the foregoing:

   a. If Defense and/or Supplemental payment expenses are included within the limit of insurance of the UNDERLYING INSURANCE, then any such expense payment WE make shall reduce the Limit of Insurance of this policy.

   b. If the UNDERLYING INSURANCE does not include Defense and/or Supplemental payment expenses within the limit of insurance, then any such expense payment WE make shall not reduce the Limit of Insurance of this policy.

D. PERSONS INSURED

1. The INSURED is the organization(s) named in the Declarations of this policy and includes:

   a. any subsidiary (including subsidiaries thereof) and any other organization under YOUR control and active management at the inception date of this policy, providing such subsidiary or organization is included as an INSURED in the UNDERLYING INSURANCE, and was made known to US prior to, or at the inception date of this policy;

   b. any organization(s) included as an INSURED in the UNDERLYING INSURANCE that YOU newly acquire or form, other than a partnership or joint venture, and over which YOU maintain ownership or majority interest, will qualify as an INSURED; however;

      1. Coverage under this provision applies only until the 90th day after YOU acquire or form the organization or the end of the policy period, whichever is earlier, unless within that time frame:

         (a) YOU request US to include such organization as an INSURED, and

         (b) WE agree to do so;

      2. Coverage does not apply to any liability arising out of an OCCURRENCE or offense committed before YOU acquired the organization;

   c. any person or organization included as an Additional Insured in the UNDERLYING INSURANCE and for the full limits of liability shown therein.

Notwithstanding anything to the contrary contained above, coverage does not apply to any liability arising out of the conduct of any current, past, or newly acquired or formed partnership or joint venture that is not stated in the Declarations of this policy as an INSURED.

## SECTION II (EXCLUSIONS)
## WHAT IS NOT COVERED BY THIS POLICY

This insurance does not apply:

A. To any injury, damage, expense, cost, loss, liability, or legal obligation arising out of or in any way related to asbestos or asbestos-containing materials.

B. To any claim or claims arising out of the Employee Retirement Income Security Act (ERISA) of 1974, Public Law 93-406, commonly referred to as the Pension Reform Act of 1974, including any amendments or revisions thereto.

C. To any claim or claims made by or against the INSURED with respect to uninsured motorists, underinsured motorists, personal injury protection, first party benefits or similar no-fault coverage.

D. To any obligation of the INSURED under any Workers Compensation, Unemployment Compensation, Disability Benefits law or any other similar law.

E. To injury to any INSURED under this policy arising out of an OCCUPATIONAL DISEASE.

F. To any liability arising out of employment-related or personnel practices, policies, acts or omissions including but not limited to:

   1. Refusal to employ;

   2. Termination of employment;

   3. Coercion, criticism, defamation, demotion, discipline, discrimination, evaluation, harassment, humiliation, reassignment, or any violation of a person's right of privacy; or

   4. Any consequential injury or damage as a result of (1) through (3) above.

   This exclusion applies to all claims and SUITS by any person or organization for damages including damages for care and loss of services, whether the INSURED may be held liable as an employer or in any other capacity, and to any obligation to share damages with or to repay someone else who must pay damages because of the injury.

G. To any claim or SUIT based upon or alleging discrimination against any person.

   Discrimination includes but is not limited to discrimination on the basis of age, disability, ethnic origin, marital status, physical or mental hardship, race, religious affiliation, sex or sexual orientation.

H.1. To any injury, damage, expense, cost, loss, liability or legal obligation arising out of or in any way related to pollution, however caused.

FILED DATE: 5/23/2022 12:36 PM    2022L004594

To any loss, cost or expense arising out of any:

a. directive, request, demand or order that any INSURED or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or

b. claim or SUIT by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of pollutants.

Except insofar as coverage is available to the INSURED in the UNDERLYING INSURANCE and for the full limits of liability shown therein, subparagraph 1 above does not apply to heat, smoke or fumes from a hostile fire:

a. at or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any INSURED; or

b. at or from any premises, site or location on which any INSURED or any contractors or subcontractors working directly or indirectly on any INSURED'S behalf are performing operations if the pollutants are brought on or to the premises, site or location in connection with such operations.

As used in this exclusion, a hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

Pollution includes the actual, alleged or potential presence in or introduction into the environment of any substance, including pollutants, if such substance has or is alleged to have the effect of making the environment impure, harmful, or dangerous. Environment includes any air, land, structure or the air therein, watercourse or water, including underground water.

Pollutants include any solid, liquid, gaseous, or thermal irritant or contaminant including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes material to be recycled, reconditioned or reclaimed.

I. To any injury, damage, expense, cost, loss, liability or legal obligation arising out of or in any way related to the toxic properties of lead or lead-containing products, materials or substances.
This exclusion applies to all forms of lead, including but not limited to solid, liquid, vapor and fumes.

J. To any liability for injury or damages to real or personal property of others in the care, custody or control of the INSURED.

K. To any liability for injury or damages due to war, whether or not declared, or any act or condition incident to war. War includes civil war, acts of terrorism, insurrection, rebellion or revolution.

L. To liability imposed on the INSURED or the INSURED'S insurer under the terms of "Endorsement for Motor Carrier Policies of Insurance for Public Liability" under Section 29 and 30 of the Motor Carrier Act of 1980 or the terms of any similar endorsement required by Federal or State statutes.

M. To any liability:

1. With respect to which the INSURED under the policy is also an INSURED under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, or Nuclear Insurance Association of Canada, or would be an INSURED under any such policy but for its termination upon exhaustion of its limits of liability; or

2. Resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the INSURED is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization; or

3. Resulting from the hazardous properties of nuclear material, if:

a. The nuclear material (a) is at any nuclear facility owned by, or operated by or on behalf of the INSURED or (b) has been discharged or dispersed therefrom;

b. The nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of the INSURED; or

c. The injury or damage arises out of the furnishing by the INSURED of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to property damage to any property at the nuclear facility.

FILED DATE: 5/23/2022 12:36 PM    2022L004594

4.  As used in this exclusion:

    a.  Hazardous properties include radioactive, toxic, or explosive properties;

    b.  Nuclear material means source material, special nuclear material, or byproduct material;

    c.  Source material, special nuclear material, and byproduct material have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

    d.  Spent fuel means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

    e.  Waste means any waste material (1) containing byproduct material other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its source material content, and (2) resulting from the operation by any person or organization of any nuclear facility included under the first two paragraphs of the definition of nuclear facility;

    f.  Nuclear facility means:

        1.  Any nuclear reactor;

        2.  Any equipment or device designed or used for (a) separating the isotopes of uranium or plutonium, (b) processing or utilizing spent fuel, or (c) handling, processing or packaging waste;

        3.  Any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

        4.  Any structure, basin, excavation, premises, or place prepared or used for the storage or disposal of waste; and

        5.  The site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

    g.  Nuclear reactor means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

    h.  Property damage includes all forms of radioactive contamination of property.

We shall have no duty or obligation to provide or pay for the investigation or defense of any SUIT excluded in this section, and in connection therewith Defense Provisions and Supplemental Payments shall not apply.

**SECTION III**
**DEFINITIONS**

A.  INSURED means any person or organization qualifying as such under Section I, Insuring Agreements, D., Persons Insured.

B.  OCCUPATIONAL DISEASE means injury by disease arising out of and in the course of employment.

C.  OCCURRENCE means an accident including continuous and repeated exposure to substantially the same general harmful conditions.

D.  OTHER INSURANCE means insurance, other than UNDERLYING INSURANCE, which has been provided to the INSURED and affords coverage with respect to injury or damage to which this policy also applies.

E.  SUIT means a civil proceeding in which damages to which this policy applies are alleged. SUIT includes:

    1.  An arbitration proceeding in which such damages are claimed and to which YOU must submit or do submit with OUR consent; or

    2.  Any other alternative dispute resolution proceeding in which such damages are claimed and to which YOU submit with OUR consent.

F.  ULTIMATE NET LOSS means the amount paid or payable in cash in the settlement or satisfaction of claims for which the INSURED is liable, either by adjudication or compromise with OUR written consent, after making proper deduction for all recoveries and salvages.
    Defense expense payments shall be included within the ULTIMATE NET LOSS, provided that such expenses are included within the terms, conditions, and limits of insurance of any UNDERLYING INSURANCE.

G.  UNDERLYING INSURANCE means the policy or policies of insurance as described in the Declarations and Schedule of Underlying Insurance forming a part of this policy.

H.  WE, US AND OUR means the company shown in the Declarations as providing this insurance.

I.  YOU and YOUR means any INSURED under this policy.

FILED DATE: 5/23/2022 12:36 PM    2022L004594

# SECTION IV
## CONDITIONS

### A. APPEALS

If the INSURED or any of the underlying insurers elect not to appeal a judgement in excess of the limits of liability afforded by the UNDERLYING INSURANCE, or any OTHER INSURANCE available to the INSURED, WE may elect to appeal. OUR limit of liability shall not be increased because of the appeal, except that WE will make the appeal at OUR cost and expense.

### B. ASSIGNMENT

Interest in this policy may not be transferred to another, except by an endorsement issued by US which gives OUR consent. If YOU are bankrupt or insolvent or if YOU die, this policy shall cover YOUR legal representative(s), but only while acting within the scope of their duties as such.

### C. BANKRUPTCY AND INSOLVENCY

Bankruptcy and insolvency of the INSURED, or the INSURED'S estate will not relieve US of OUR obligations under this policy.

### D. CANCELLATION

This policy may be cancelled by the first Named Insured by mailing to US written notice stating when such cancellation shall be effective.

This policy may be cancelled by US by mailing to the first Named Insured at YOUR last known address, written notice stating when, not less than sixty (60) days thereafter, fifteen (15) days if cancellation is for non-payment of any unpaid portion of the premium, such cancellation shall be effective. The mailing of notice shall be sufficient proof of notice. The effective date and hour of cancellation stated in the notice shall be the end of the policy period.

If YOU cancel, earned premium shall be computed in accordance with the applicable short rate table or procedure. If WE cancel, earned premium shall be computed pro-rata. Premium adjustment may be made at the time cancellation becomes effective. OUR check or the check of OUR representative mailed to YOU shall be sufficient proof of any refund or premium due YOU.

### E. CHANGES

This policy may be changed only by an endorsement issued by US to form a part of the policy.

### F. DUTIES IN THE EVENT OF OCCURRENCE, OFFENSE, CLAIM OR SUIT

1. YOU must see to it that WE receive prompt written notice of an OCCURRENCE or an offense which may result in a claim. Notice should include:

   a. How, when and where the OCCURRENCE or offense took place;

   b. The names and addresses of any injured persons and witnesses.

2. If a claim is made or SUIT brought against any INSURED, YOU must see to it that WE receive written notice of the claim or SUIT as soon as practicable.

3. YOU and any other involved INSURED must:

   a. Immediately send US copies of any demands, notices, summons or legal papers received in connection with the claim or SUIT.

   b. Authorize US to obtain records and other information;

   c. Cooperate with US in the investigation, settlement or defense of the claim or SUIT;

   d. Assist US, upon OUR request, in the enforcement of any right against any person or organization which may be liable to the INSURED because of injury or damage to which this policy may also apply.

4. No INSUREDS shall make or authorize an admission of liability or attempt to settle or otherwise dispose of any claim or SUIT without OUR written consent.

### G. INSPECTION AND AUDIT

WE shall be permitted but not obligated to inspect the INSURED'S property and operations. Neither OUR right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the INSURED or others, to determine or warrant that such property or operations are safe.

WE may examine and audit the INSURED'S books and records during this policy period and extensions thereof and within three (3) years after the final termination of this policy.

### H. LEGAL ACTION AGAINST US

No person or organization has a right under this policy to:

1. Join US as a party or otherwise bring US into a SUIT asking for damages from an INSURED;

2. Sue US, unless all of the terms of this policy have been fully complied with.

A person or organization may sue US to recover on an agreed settlement or on a final judgement against an INSURED obtained after trial. WE will not be liable for damages that are not payable under the terms of this policy or that are in excess of the applicable limit of this policy. An agreed settlement means a settlement and release of liability signed by US, the INSURED, and the claimant or the claimant's legal representative.

FILED DATE: 5/23/2022 12:36 PM    2022L004594

I. MAINTENANCE OF UNDERLYING INSURANCE

The policy or policies referred to in the Declarations and Schedule of UNDERLYING INSURANCE or renewals or replacements thereof not more restrictive in coverage shall be maintained in full effect during this policy period, except for any reduction in the aggregate limits solely by payment of covered claims and/or claims expense.

If such UNDERLYING INSURANCE is not maintained in full effect, or if any limits of liability of UNDERLYING INSURANCE are:

1. less than as stated in the Schedule of UNDERLYING INSURANCE; or

2. unavailable due to bankruptcy or insolvency of an underlying insurer; or

3. if there is any material change in the coverage of any UNDERLYING INSURANCE;

then the insurance afforded by this policy shall apply in the same manner as if such UNDERLYING INSURANCE and limits of liability had been in effect, available, so maintained and unchanged. Notwithstanding anything to the contrary contained above, in the event of cancellation or termination of any applicable UNDERLYING INSURANCE, this policy shall cease to apply at the same time without notice to YOU. YOU agree to notify US promptly if any UNDERLYING INSURANCE is cancelled or terminated.

J. OTHER INSURANCE

IF OTHER INSURANCE, whether collectible or not, is available to the INSURED covering a loss also covered by this policy, other than a policy that is specifically written to apply in excess of this policy, the insurance afforded by this policy shall apply in excess of and shall not contribute with such OTHER INSURANCE.

K. PREMIUM

Unless otherwise provided, the premium for this policy is a flat premium and is not subject to adjustment except as provided herein or amended by endorsement.

L. YOUR REPRESENTATIONS

By accepting this policy, YOU agree that:

1. The statements in the Declarations, Schedule of UNDERLYING INSURANCE, and Application for this policy are accurate and complete;

2. Those statements are based upon representations YOU made to US;

3. This policy has been issued in reliance upon YOUR representations.

M. SEPARATION OF INSUREDS

Except with respect to the Limits of Insurance, this policy applies:

1. As if each INSURED were the only INSURED;

2. Separately to each INSURED against whom claim is made or suit brought.

N. SUBROGATION

In the event of any payment under this policy by US, WE shall be subrogated to all of the INSURED'S rights of recovery against any person or organization, and the INSURED shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The INSURED shall do nothing after loss to prejudice such rights.

The amount recovered through subrogation shall be apportioned in the inverse order of payment of the ULTIMATE NET LOSS to the extent of the actual payment. The expenses of all recovery proceedings shall be apportioned in the ratio of respective recoveries.

O. WORKERS COMPENSATION AGREEMENT

As a condition to the payment of any loss covered by this policy, with respect to injury or death of any employee arising out of or in the course of employment by the INSURED, the INSURED warrants that they have not and will not abrogate any common law defenses under any worker's compensation or occupational disease law by rejection of such law. In the event the INSURED should abrogate such defenses, such insurance as is afforded with respect to such employee shall automatically terminate at the same time.

WE have no duty to provide coverage under this policy unless YOU and any other involved INSUREDS have fully complied with the conditions of this policy.

FILED DATE: 5/23/2022 12:36 PM    2022L004594

### HALLMARK INSURANCE COMPANY

**In Witness Whereof, the Company has caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by a duly authorized representative of the Company.**

**President**                                   **Secretary**

**Privacy Policy Disclosure Notice**

The Gramm-Leach-Bliley Act (GLBA) and various other federal and state privacy regulations generally prohibit any financial institution, directly or through its affiliates, from sharing nonpublic personal information about you with a non-affiliated third party unless the institution provides you with a notice of its privacy policies and practices, such as the type of information that it collects about you and the categories of persons or entities to whom it may be disclosed.

Hallmark Financial Services, Inc. ("HFS"), through its subsidiaries, provides insurance products and services and is firmly committed to its affirmative and continuing obligation to respect the privacy of its current, former and prospective policyholders and to protect the security and confidentiality of their nonpublic personal information. Therefore, proper handling of your personal information is one of our highest priorities. We collect and utilize information we believe is necessary to efficiently administer our business, to advise you about our products, and provide you with outstanding customer service. We want you to know why we collect personal information about you, what we do with that information and explain to you our commitment to protect the information collected.

In order to provide you with quality insurance products and the service you deserve, it is necessary for us to collect nonpublic personal information about you and, in certain situations, to share that information with others. The following notice describes our policies and practices with regard to your nonpublic personal information.

**PROTECTION OF YOUR PERSONAL INFORMATION**
Not only is the protection of nonpublic personal information a legal requirement, it is also a good business practice. We maintain appropriate physical, electronic and procedural safeguards to maintain the confidentiality and security of your nonpublic personal information. We restrict access to nonpublic personal information about you to those employees who need access to that information to provide products or services to you. When information is shared with companies performing work on Hallmark's behalf, we protect your personal information where required by law with contractual confidentiality agreements that obligate those companies to keep confidential any information about you furnished to them.

We provide training to our employees on the importance of maintaining the confidentiality and security of your nonpublic personal information. Employees who violate our privacy policies are appropriately disciplined.

**CATEGORIES OF INFORMATION THAT WE COLLECT**
We collect and use only that nonpublic personal information required for us to provide services and products requested by you and to administer your business with us such as underwriting and processing your policies and the administration and handling of claims.
We may collect nonpublic personal information about you from the following sources:

- Information that we receive from you on applications and other related forms such as your name, address, telephone number, and social security number;
- Information about your transactions with us, our affiliates or others such as your underwriting information, driving record, claim history, policy number, premium, payment history, and claim information;
- Information that we receive from consumer credit reporting agencies such as your credit history.

The nonpublic personal information collected may come from persons such as independent insurance agents, brokers, policyholders, or persons involved in the claim adjustment process such as claimants, witnesses to an accident, repair facilities, hospitals, doctors and attorneys.

FILED DATE: 5/23/2022 12:36 PM   2022L004594

**Privacy Policy Disclosure Notice**

FILED DATE: 5/23/2022 12:36 PM    2022L004594

If you visit our website, www.hallmarkgrp.com, we automatically track and collect information regarding your visit including your IP address; domain server, type of computer, type of web browser and the pages you viewed on our site. This information (Traffic Data) is information that unless you have specifically entered identifying information somewhere in the site, does not personally identify you, but rather is helpful for marketing purposes or for improving your experience on the Site. We currently do not collect nonpublic personal information through your use of our corporate website. You may view the website privacy statement by clicking the "Conditions of Use" sections of the site.

**CATEGORIES OF INFORMATION THAT WE DISCLOSE AND PARTIES TO WHOM WE MAY DISCLOSE INFORMATION**
We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as required or permitted by law. Hallmark does not sell or distribute for sale any nonpublic personal information. Nor do we disclose your personal information to any person, company or organization not affiliated with us for their own marketing purposes.

However, we may disclose nonpublic personal information about our policyholders (current, former and prospective) with affiliated and non-affiliated third parties as necessary to service an insurance policy or claim or as permitted or required by law. We may disclose nonpublic personal information we collect about you to third parties with whom we contract to perform business functions such as record keeping, policy administration, claim administration, billing, computer related services, distribution of materials, and joint marketing of our products and services.

We understand the importance and seriousness of protecting the confidentiality and security of your nonpublic personal information. We respect and appreciate the trust that you, as a valued policyholder, have placed with us and we continuously strive to earn and maintain that trust.

**ACCESS TO AND CORRECTION OF YOUR INFORMATION:**
You have a right to know the nature and substance of the recorded personal information contained in our files about you. You may review and/or for a reasonable fee, receive a copy of the information upon written request at the address shown below. You must properly identify yourself and reasonably describe the information you seek. Your request should contain your name, address, all policy and claim numbers issued to you by us and a copy of your drivers license or other personal identification. Upon receipt of your request, we will furnish to you within thirty (30) business days the nature and substance of locatable, retrievable and available recorded personal information. We will also furnish you with a list of all persons or organizations to whom the information has been disclosed within the past two years. If the source of information about you was a consumer credit reporting agency or other institution, we will identify those sources so you can contact them if you so desire. You may also request that we correct, amend or delete any recorded personal information. If we do not make the requested change(s), you have the right to provide, for insertion in our file, a concise written statement setting forth what you think is the correct, relevant or fair information and a concise statement of the reasons why you disagree with our decision not to correct, amend or delete recorded personal information. Your statement will become a part of our file and included with any future disclosures.

**Privacy Policy Disclosure Notice**

FILED DATE: 5/23/2022 12:36 PM  2022L004594

**CHANGES TO OUR NOTICE OF PRIVACY POLICY AND INSURANCE INFORMATION PRACTICES:**

We reserve the right to change our privacy policies and insurance information practices. If we make any material changes to our policies or practices, we will provide you with a copy of a revised notice.

**OPT OUT STATEMENT:**

If you prefer we do not disclose personal identifying information or personal financial information about you to nonaffiliated third parties, you may opt out of those disclosures (other than disclosures allowed by law). You may do so by sending us a letter informing us of your election to opt out at the address shown below.

If you have any questions regarding the content of this notice, you may call us at (817)348-1600 or you may write to us at:

**Hallmark Financial Services, Inc.**
**Attention: Compliance**
**777 Main Street, Suite 1000**
**Fort Worth, Texas 76102**

This notice is being provided on behalf of the following companies:

Hallmark Financial Services, Inc.

Hallmark E&S Insurance Services, LLC

Hallmark Specialty Insurance Company

Heath XS, LLC

Heath XS, LLC d/b/a Hallmark E&S Insurance Services, LLC

Hallmark Insurance Company

American Hallmark Insurance Company of Texas

Hallmark American Insurance Company

Hallmark National Insurance Company

Exhibit C

FILED DATE: 5/23/2022 12:36 PM    2022L004594

## OSTOJIC & SCUDDER, LLC    AUG 2 6 2021

Attorneys at Law
19 North Green Street
Chicago, IL 60607

Telephone: (312) 404-3748                    E-Mail: john@ostojiclaw.com

August 17, 2021

**Via Federal Express**
Wesco Insurance Company
59 Maiden Lane
New York, NY 10038

### RE: TENDER OF DEFENSE AND INDEMNIFICATION

To Whom It May Concern:

This firm represents MGR Freight System, Inc., MGR Express, Inc., MGR Lease LLC, MGR Freight LLC, MGR Expedited Inc., MGR Expedited 1 LLC, MGR Auto Lease LLC, MGR Truck Rental, LLC, MGR Truck Sale Inc., MGR Truck Repair, Inc., MGR Logistics Inc., MGR 016 LLC MGR 017 LLC, Plainfield 014 LLC and RD Expedited, Inc., (the "MGR entities").

The MGR entities have been sued in three separate lawsuits:

1) the first case is captioned *Estate of Ashley Ferguson Jones by Marshall Jones, Administrator, et. al* in the United States District Court for the District of Connecticut case number 3:18:-cv-01923;
2) the second case is captioned *Jones v. MGR Freight System, Inc, and Nicolae Marcu*, initially fled in the Superior Court, Judicial District of New London CT., .and removed to the United States District Court for the District of Connecticut, case number 3:18-cv-00485; and
3) the third case is captioned *Tammy Vistrand v. MGR Freight System, Inc.*, filed under docket number UWY-cv-19-6045437-S, Superior Court J.D. of Waterbury.

The MGR entities have been sued in the above noted lawsuits, which are still pending (collectively referred to as the "Jones Accident Lawsuits"). For your reference, I am attaching a copy of the most recent complaint that has been filed in each of the Jones Accident lawsuits. Lawrence L. Connelli has been representing the MGR entities as defense counsel in the Jones Accident Lawsuits.

The MGR entities tender defense and indemnification of the Jones Accident Lawsuits to Wesco Insurance Company under policy number 66HX16398F and any other policies that Wesco Insurance Company may have issued to any of the MGR entities.

Please acknowledge receipt of this letter and confirm that Wesco Insurance Company will assume its defense obligations to MGR and its entities.

Should you have any questions or comments regarding the foregoing, please do not hesitate to contact us.

Very Truly Yours,

John R. Ostojic
Attorney
Ostojic & Scudder, LLC

CC: Lawrence L. Connelli, Esq.

JRO/NO
Enclosures:

FILED DATE: 5/23/2022 12:36 PM   2022L004594

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ESTATE OF ASHLEY FERGUSON JONES BY MARSHALL JONES, ADMINISTRATOR, MARSHALL JONES, INDIVIDUALLY, A.J., PPA MARSHALL JONES and M.J., PPA MARSHALL JONES,<br>        Plaintiffs,<br><br>V.<br><br>MGR EXPRESS, INC, MGR LEASE LLC, MGR FREIGHT LLC, MGR EXPEDITED INC., MGR EXPEDITED 1 LLC, MGR AUTO LEASE LLC, MGR TRUCK RENTAL LLC, MGR TRUCK SALE INC., MGR TRUCK REPAIR, INC., MGR LOGISTICS INC., MGR 016 LLC, MGR 017 LLC and PLAINFIELD 014 LLC,<br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br><br><br><br><br><br><br><br><br>NOVEMBER 27, 2018 |

### COMPLAINT

### NATURE OF THE ACTION

1.    The Plaintiffs, Estate of Ashley Ferguson Jones by Marshall Jones,

Administrator, Marshall Jones, Individually, Marshall Jones ppa A.J., a minor and

Marshal Jones ppa M.J., a minor, bring this action against the Defendants, MGR

1

EXPRESS, INC., MGR LEASE LLC, MGR FREIGHT LLC, MGR EXPEDITED, INC., MGR EXPEDITED 1 LLC, MGR AUTO LEASE LLC, MGR TRUCK RENTAL LLC, MGR TRUCK SALE INC., MGR TRUCK REPAIR, INC., MGR LOGISTICS INC., MGR 016 LLC, MGR 017 LLC, PLAINFIELD 014 LLC, and RD EXPEDITED, INC.. This action arises out of the negligence and recklessness of the Defendants.

## THE PARTIES

2.    On or about December 17, 2016, Marshall Jones, the husband of Ashley Ferguson Jones, was appointed the Administrator of the Estate of Ashley Ferguson Jones, the Plaintiff's decedent, by the Probate Court for Middletown, Connecticut.

3.    Marshall Jones is an individual residing in the Town of Canterbury, Connecticut.

4.    A.J., a minor, is an individual residing in the Town of Canterbury, Connecticut, and is the daughter of the Plaintiff's decedent and Marshall Jones.

5.    M.J., a minor, is an individual residing in the Town of Canterbury, Connecticut, and is the son of the Plaintiff's decedent and Marshall Jones.

2

FILED DATE: 5/23/2022 12:36 PM   2022L004594

6.     The Defendant, MGR EXPRESS, INC., is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

7.     The Defendant, MGR LEASE LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

8.     The Defendant, MGR FREIGHT LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

9.     The Defendant, MGR EXPEDITED INC., is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

10.     The Defendant, MGR EXPEDITED 1 LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

3

FILED DATE: 5/23/2022 12:36 PM   2022L004594

11.    The Defendant, MGR AUTO LEASE LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Summit, Illinois.

12.    The Defendant, MGR TRUCK RENTAL LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

13.    The Defendant, MGR TRUCK SALE INC., is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

14.    The Defendant, MGR TRUCK REPAIR, INC., is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

15.    The Defendant, MGR LOGISTICS INC., is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

4

FILED DATE: 5/23/2022 12:36 PM    2022L004594

16.    The Defendant, MGR 016 LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

17.    The Defendant, MGR 017 LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

18.    The Defendant, PLAINFIELD 014 LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

19.    The Defendant, RD EXPEDITED, INC., is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

20.    The aforementioned Defendants are hereinafter known collectively as "MGR Defendants."

FILED DATE: 5/23/2022 12:36 PM   2022L004594

## JURISDICTION

21.   This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because the Plaintiffs and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

## VENUE

22.   Venue is proper in this District under 28 U.S.C. § 1391(a)(2) because the motor vehicle collision giving rise to this claim occurred in this District.

## FACTS

23.   On or about December 1, 2016, the Plaintiffs' decedent was the operator of a motor vehicle stopped within the emergency shoulder area of Interstate 95 near Old Lyme, Connecticut for an emergency involving her child.

24.   At the same time and place, Nicolae Marcu was the operator of a tractor trailer truck traveling on Interstate 95 near Old Lyme, Connecticut.

25.   At the same time and place, when the Plaintiff's decedent stopped her vehicle in the emergency shoulder area and exited it to attend to her small child who was seated in her car seat in the rear of the vehicle experiencing an urgent sickness, the Nicolae Marcu suddenly and without warning drove his tractor trailer truck into said

6

FILED DATE: 5/23/2022 12:36 PM   2022L004594

shoulder area, striking the Plaintiff's decedent and her vehicle, causing her body to be thrown through the air more than 70 feet, slamming her to the ground, and causing her to suffer traumatic injuries that resulted in her untimely death.

26.     At all times mentioned herein, Nicolae Marcu was an agent, apparent agent, servant and/or employee of the MGR Defendants and was acting within the scope of his employment, agency, apparent agency and/or servitude in operating the vehicle.

27.     At all times mentioned herein, Nicolae Marcu was operating said trailer with the consent, knowledge, permission and/or authority of the MGR Defendants.

**FIRST CAUSE OF ACTION**
**WRONGFUL DEATH AS TO MGR DEFENDANTS**
**PURSUANT TO CONNECTICUT GENERAL STATUTES § 52-555**
**BROUGHT BY ESTATE OF ASHLEY FERGUSON JONES**

28.     Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

29.     The aforesaid collision, and the resulting injuries and damages to the Plaintiff were caused by the negligence, carelessness and statutory violations of the

7

FILED DATE: 5/23/2022 12:36 PM   2022L004594

MGR Defendants, in one or more of the following respects, in that their agent, servant, apparent agent and/or employee, Nicolae Marcu:

  a. violated § 14-230 of the Connecticut General Statutes by failing to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

  b. violated § 14-240 of the Connecticut General Statutes by failing to drive a reasonable distance from other vehicles, including the Plaintiffs' vehicle;

  c. violated § 14-218a of the Connecticut General Statutes by operating his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

  d. violated § 14-222 of the Connecticut General Statutes by operating his vehicle recklessly without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

  e. violated § 14-80h of the Connecticut General Statutes by failing to equip or maintain his motor vehicle with adequate brakes;

  f. violated § 14-81 of the Connecticut General Statutes by failing to equip his motor vehicle with an adequate braking system on all wheels;

  g. violated § 14-98a of the Connecticut General Statutes by operating his motor vehicle with unsafe tires;

  h. violated § 14-296aa(b) of the Connecticut General Statutes by operating an electronic device while operating a motor vehicle;

8

FILED DATE: 5/23/2022 12:36 PM   2022L004594

   i.  violated § 14-296aa(b)(1) of the Connecticut General Statutes by operating a motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

   j.  violated 49 C.F.R. § 392.3 of the by operating his motor vehicle while fatigued and/or ill;

   k.  violated 49 C.F.R. § 392.4 by operating his motor vehicle while under the influence of drugs and/or other substances;

   l.  violated 49 C.F.R. § 392.5 by operating his motor vehicle while under the influence of alcohol;

  m.  violated 49 C.F.R. § 392.7 by operating his motor vehicle with parts and/or accessories that were not in good working order;

   n.  violated 49 C.F.R. § 392.80 by operating his motor vehicle while texting;

   o.  violated 49 C.F.R. § 392.82 by operating his motor vehicle while using a hand-held mobile telephone;

   p.  violated 49 C.F.R. § 393.40 by operating his motor vehicle without adequate brakes;

   q.  violated 49 C.F.R. § 393.42 by operating his motor vehicle without brakes acting on all wheels;

   r.  violated 49 C.F.R. § 393.48 by operating his motor vehicle without operative brakes;

FILED DATE: 5/23/2022 12:36 PM   2022L004594

s.  violated 49 C.F.R. § 393.75 by operating his motor vehicle with unsafe tires;

t.  violated 49 C.F.R. § 393.81 by operating his motor vehicle with a horn that was not in such condition as to give an adequate and reliable warning signal;

u.  violated 49 C.F.R. §391.41 by operating a commercial motor vehicle without being physically qualified to do so;

v.  violated 49 C.F.R. § 392.2 by failing to obey the traffic laws of the state in which he was operating;

w.  violated 49 C.F.R. § 395.3 by failing to comply with requirements regarding rest periods and maximum consecutive driving hours;

x.  violated 49 C.F.R. §396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396 regarding inspection, repair and maintenance;

y.  violated 49 C.F.R. § 396.7 by operating a motor vehicle in an unsafe condition;

z.  failed to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

aa. failed to drive a reasonable distance from other vehicles on the roadway;

bb. operated his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

10

FILED DATE: 5/23/2022 12:36 PM   2022L004594

cc. operated his motor vehicle in a reckless and dangerous manner;

dd. failed to have and keep his vehicle under reasonable and proper control;

ee. failed to apply his brakes in a timely manner or otherwise turn his vehicle so as to avoid a collision;

ff. failed to sound his horn or otherwise warn of his impending approach;

gg. was inattentive and failed to keep a proper lookout while operating his motor vehicle when he knew said conduct was likely to cause a collision;

hh. failed to exercise due care and caution and drove his vehicle directly into the side of the Plaintiffs' vehicle thereby causing a collision;

ii. failed to make proper use of his faculties and senses so as to avoid a collision;

jj. failed to equip or maintain his motor vehicle with adequate brakes;

kk. failed to equip or maintain his motor vehicle with adequate and safe tires;

ll. operated his motor vehicle while operating a cellular telephone;

mm.    operated his motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

FILED DATE: 5/23/2022 12:36 PM   2022L004594

nn. failed under all the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the Plaintiff;

oo. failed to operate his vehicle so as to avoid endangering other lawful users of the roadway; and

pp. struck the side of the Plaintiff's vehicle.

30.    As a result of the negligence, carelessness and statutory violations of the Defendants, the Plaintiff's decedent's body was thrown through the air and struck the pavement. As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain. As a further result, she experienced conscious pain and suffering before her death.

31.    As a result of the negligence, carelessness, and statutory violations of the Defendants, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

32.    As a result of the negligence, carelessness and statutory violations of the Defendants, the Plaintiff's decedent suffered physical and mental pain, anguish and

12

anxiety, as well as conscious pain and suffering.

33.   As a further result of the negligence, carelessness and statutory violations of the Defendants, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

34.   As a further result of the negligence, carelessness and statutory violations of the Defendants, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

35.   As a further result of the negligence, carelessness and statutory violations of the Defendants, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

## SECOND CAUSE OF ACTION

### WRONGFUL DEATH – RECKLESSNESS AS TO MGR DEFENDANTS PURSUANT TO CONNECTICUT GENERAL STATUTES § 14-295 BROUGHT BY ESTATE OF ASHLEY FERGUSON JONES

36.   Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

37.   Said collision and the resulting injuries and the damages of the Plaintiff

13

FILED DATE: 5/23/2022 12:36 PM   2022L004594

were caused by the reckless and wanton conduct and statutory violations of the MGR

Defendants, in one or more of the following respects, in that their agent, servant,

apparent agent and/or employee, Nicolae Marcu:

    a.    Violated Section 14-222 of the Connecticut General Statutes by operating his motor vehicle deliberately and with reckless disregard for the safety of others by driving at an unreasonable rate of speed on a heavily traveled roadway without due regard for the width, traffic and use of said roadway, even though he knew or should have known his actions presented a high degree of danger, yet ignored said risk and danger resulting in him driving his vehicle directly into the side of the Plaintiffs' decedent's vehicle; and

    b.    Violated Section 14-218a of the Connecticut General Statutes by operating his motor vehicle deliberately and with reckless disregard for the safety of others by looking away from the roadway when traveling at such a rate of speed as to endanger the life of any person other than the operator, thereby causing a collision with the Plaintiffs' decedent's vehicle, even though he know or should have known his actions presented a high degree of danger, yet ignored said risk and danger.

    38.    By operating his motor vehicle recklessly, Nicolae Marcu, chose a course

of action which he knew or should have known posed a serious danger to the Plaintiffs'

decedent and others, and such conduct was a substantial factor in causing the collision

and resulting injuries.

    39.    As a result of the recklessness, carelessness and statutory violations of

the Defendants, the Plaintiff's decedent's body was thrown through the air and struck

14

the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

40.    As a result of the recklessness, carelessness, and statutory violations of the Defendants, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

41.    As a result of the recklessness, carelessness and statutory violations of the Defendants, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

42.    As a further result of the recklessness, carelessness and statutory violations of the Defendants, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

43.    As a further result of the recklessness, carelessness and statutory violations of the Defendants, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

15

FILED DATE: 5/23/2022 12:36 PM   2022L004594

44.    As a further result of the recklessness, carelessness and statutory violations of the Defendants, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

### THIRD CAUSE OF ACTION
### WRONGFUL DEATH – COMMON LAW RECKLESSNESS AS TO
### MGR DEFENDANTS BROUGHT BY ESTATE OF ASHLEY FERGUSON JONES

45.    Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

46.    Said collision and the resulting injuries and the damages of the Plaintiffs' decedent were caused by the reckless and wanton conduct of the MGR Defendants, in one or more of the following respects, in that their agent, servant, apparent agent and/or employee, Nicolae Marcu:

a.    Operated his vehicle deliberately or with reckless disregard for the safety of others, including the Plaintiffs' decedent, by driving at a high rate of speed and onto the shoulder of the roadway even though he knew or should have known that there was a stopped and/or disabled vehicle on the shoulder and that his actions presented a high degree of danger, yet ignored said risk of danger and thereby drove his vehicle directly into the side of the Plaintiffs' decedent's vehicle;

b.    Operated his vehicle deliberately or with reckless disregard for the safety

16

FILED DATE: 5/23/2022 12:36 PM   2022L004594

of others, including the Plaintiffs' decedent, by looking away from the roadway while accelerating and crossing over into the shoulder of the roadway, even though he knew or should have known his actions presented a high degree of danger of striking a disabled vehicle on the shoulder of the roadway, yet ignored said danger and risk.

47.   The reckless and wanton conduct of the Defendants, through their agent, servant, apparent agent and/or employee, Nicolae Marcu, was a substantial factor in causing the collision and the Plaintiffs' decedent's injuries and damages resulting therefrom.

48.   As a result of the recklessness and carelessness of the Defendants, the Plaintiffs' decedent's body was thrown through the air and struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

49.   As a result of the recklessness and carelessness of the Defendants, the Plaintiffs' decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

17

FILED DATE: 5/23/2022 12:36 PM   2022L004594

50.     As a result of the recklessness and carelessness of the Defendants, the Plaintiffs' decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

51.     As a further result of the recklessness and carelessness and of the Defendants, the Plaintiffs' decedent suffered the premature loss of the enjoyment of all of life's activities.

52.     As a further result of the recklessness and carelessness of the Defendants, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

53.     As a further result of the recklessness and carelessness of the Defendants, the Plaintiffs' decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**FOURTH CAUSE OF ACTION**
**LOSS OF CONSORTIUM AS TO MGR DEFENDANTS**
**BROUGHT BY MARSHALL JONES**

54.     Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

18

FILED DATE: 5/23/2022 12:36 PM   2022L004594

55.    As a result of the negligence and carelessness of the MGR Defendants, as aforesaid, through their agents, servants, apparent agents and/or employees, the Plaintiff, Marshall Jones, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of his wife and will continue to suffer such deprivation in the future.

## FIFTH CAUSE OF ACTION
## LOSS OF CONSORTIUM AS TO MGR DEFENDANTS
## BROUGHT BY M.J., PPA MARSHALL JONES

56.    Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

57.    As a result of the negligence and carelessness of the MGR Defendants, as aforesaid, through their agents, servants, apparent agents and/or employees, the Plaintiff, M.J., a minor, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of his mother, Ashley Jones, and will continue to suffer such deprivation in the future.

19

## SIXTH CAUSE OF ACTION
## LOSS OF CONSORTIUM AS TO MGR DEFENDANTS
## BROUGHT BY A.J., a minor PPA MARSHALL JONES

58.   Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

59.   As a result of the negligence and carelessness of the MGR Defendants, as aforesaid, through their agents, servants, apparent agents and/or employees, the Plaintiff, A.J., a minor, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of her mother and will continue to suffer such deprivation in the future.

## SEVENTH CAUSE OF ACTION
## BYSTANDER EMOTIONAL DISTRESS AS TO MGR DEFENDANTS
## BROUGHT BY A.J., a minor, PPA MARSHALL JONES

60.   Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

61.   On December 1, 2016, when the Plaintiffs' decedent was killed in a motor vehicle collision and her body was thrown from the side of the vehicle, her daughter, the

20

FILED DATE: 5/23/2022 12:36 PM   2022L004594

Plaintiff, A.J., a minor, was in close proximity to her and contemporaneously witnessed her get struck by a vehicle, get thrown a distance and land on the pavement, suffer fatal injuries, conscious pain and suffering and die.  As a result, the Plaintiff, A.J., a minor, has suffered from nervous shock, extreme emotional turmoil and mental distress, all caused by the sight of her mother getting killed due to the negligence and carelessness of the Defendants.

62.    As a further result of the MGR Defendants' conduct, the Plaintiff, A.J., a minor, has suffered painful psychiatric conditions requiring her to undergo mental health counseling, treatment and to receive prescription medications, and requiring her to spend various sums of money for these treatments.

63.    As a further result, the Plaintiff, A.J., a minor, will likely suffer emotional distress and mental pain for the rest of his life, requiring her to spend additional sums of money for psychiatric and psychological care, mental health care and treatment, and prescription medications, all to her loss and damage.

### EIGHTH CAUSE OF ACTION
### JOINT VENTURE, ALTER EGO, AGENCY AND PIERCING THE CORPORATE VEIL AS TO THE MGR DEFENDANTS BROUGHT BY PLAINTIFFS

64.    Plaintiffs incorporate by reference herein the allegations of the previous

21

FILED DATE: 5/23/2022 12:36 PM   2022L004594

paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

65.    On information and belief, the MGR Defendants operated as a joint venture and acted in the scope of authority of such agency and in the scope of and in furtherance of their joint venture at the time this cause of action arose, thereby rendering the MGR Defendants liable for the acts and omissions of each other, as well as their employees, agents, apparent agents and servants.

66.    On information and belief, the MGR Defendants engaged in the following acts, one or more of which are sufficient to show joint venture, alter ego, agency and/or a piercing of the corporate veil, to-wit:

    a.  Comingled funds and assets;

    b.  Failed to segregate funds;

    c.  Diverted funds or assets to one another;

    d.  Permitted shareholders to treat corporate assets as their own;

    e.  Failed to maintain corporate minutes;

    f.  Had identical or nearly identical equitable ownership interests in each entity;

22

FILED DATE: 5/23/2022 12:36 PM 2022L004594

g.  Had the officers and directors of one corporate entity controlling the other corporate entities;

h.  Used the same offices or business location to conduct the business of each corporate entity;

i.  Employed the same employees at one or more corporate entity;

j.  Shared employees among one or more corporate entity;

k.  Permitted employees of one corporate entity to direct the acts of one or more of the other corporate entities;

l.  Created a system to under-capitalize its corporate entities;

m.  Used the corporate entities as merely shells;

n.  Used the corporate entities as an instrumentality or conduit for a single venture of another corporation;

o.  Disregarded the legal formalities required of corporate entities in the State of Illinois;

p.  Failed to maintain arms-length relationships among the corporate equities;

q.  Used the corporate identity of one or more corporate identity to procure labor, services or merchandise for another corporate entity;

r.  Diverted assets from a corporate by or to a stockholder or other person or entity to the detriment of creditors, such as the Plaintiffs; and/or

23

FILED DATE: 5/23/2022 12:36 PM   2022L004594

    s.  Manipulated corporate assets and liabilities in entities so as to concentrate the assets in one and the liabilities in another.

67.    The MGR Defendants abused the corporate forms of the MGR Defendants such that they are each other's alter egos and an instrumentality for the transaction of each other's affairs. The MGR Defendants disregarded ht separateness of these legal Defendants for the purpose of perpetrating a sham to defeat justice as well as tort, statutory, and contractual responsibility.

68.    Under the doctrine of alter ego, the MGR Defendants are liable for the activities of any business they so organized and controlled and its business conducted in such a manner as to make it merely an agency, instrumentality, or alter ego of the MGR Defendants.

69.    At the time of the subject collision, Nicolae Marcu was acting in furtherance and in the scope of the MGR Defendants' business and joint venture.

70.    There was a unity of interest among the MGR Defendants such that the separate personalities of the respective Defendants ceased to exist.

71.    Adherence to the doctrine of separate corporate Defendants among the MGR Defendants would promote injustice and/or fraud.

24

FILED DATE: 5/23/2022 12:36 PM   2022L004594

72.    With respect to the negligent acts and omissions causing the subject collision and the resulting damages, injuries and death, the MGR Defendants operated as a single economic entity.

73.    As a consequence of their joint venture, the MGR Defendants owed a joint duty to the Plaintiffs to use reasonable care for their safety.

74.    Under the doctrine of joint venture, the MGR Defendants are liable for the conduct of the other parties to the joint venture, as well as their employees, servants and agents.

75.    At the time of the subject collision, Nicolae Marcu was acting as a dual servant and/or agent of the MGR Defendants. Consequently, the MGR Defendants are liable for the torts of Nicolae Marcu.

76.    The MGR Defendants operate as a joint venture in their motor carrier operations, including the training, hiring and retention of drivers and setting the policies and procedures for safety training and implementation for MGR Defendants.

77.    The MGR Defendants' negligence proximately caused the Plaintiffs' respective emotional, mental and physical injuries and the wrongful death of the Plaintiffs' decedent, as set forth more fully herein.

25

FILED DATE: 5/23/2022 12:36 PM   2022L004594

78.     The MGR Defendants are liable to the Plaintiffs for all damages allowed by law for the injuries, death, damages and losses sustained by the Plaintiffs as a result of the negligence of Nicolae Marcu and/or their own independent negligence.

**WHEREFORE**, the Plaintiffs pray for relief against the Defendants as follows:

1.     Compensatory damages of $30 million, in excess of the amount required for federal diversity jurisdiction, and in an amount to fully compensate the Plaintiffs for all their injuries and damages, both past and present;

2.     Special damages, in excess of the amount required for federal diversity jurisdiction and in an amount to fully compensate the Plaintiffs for all of their injuries and damages, both past and present;

3.     Punitive damages;

4.     Double and triple damages as allowed by law;

5.     Attorneys' fees, expenses and costs of this action;

6.     Pre-judgment and post-judgment interest in the maximum amount allowed by law; and,

7.     Such further relief as the Court deems necessary, just and proper.

FILED DATE: 5/23/2022 12:36 PM   2022L004594

Plaintiffs demands a trial by jury of all claims asserted in Their Complaint.

Dated:  November 27, 2018

Respectfully submitted,


By: /s/ Kelly E. Reardon (ct28441)
Kelly E. Reardon (ct28441)
THE REARDON LAW FIRM, P.C.
160 Hempstead St.
P.O. Drawer 1430
New London, CT   06320
Phone:  860-442-0444
Fax:  860-444-6445
Email:  kreardon@reardonlaw.com

27

FILED DATE: 5/23/2022 12:36 PM   2022L004594

RETURN DATE: SEPTEMBER 26, 2017

| | | |
|---|---|---|
| ESTATE OF ASHLEY FERGUSON | : | SUPERIOR COURT |
| JONES BY MARSHALL JONES, | : | |
| ADMINISTRATOR, MARSHALL JONES, | : | |
| INDIVIDUALLY, AALIYAH JONES and | : | JUDICIAL DISTRICT OF |
| MICHAEL JONES, PPA MARSHALL JONES | : | NEW LONDON AT |
| | : | NEW LONDON |
| V. | : | |
| | : | |
| MGR FREIGHT SYSTEM, INC. and | : | |
| NICOLAE MARCU | : | AUGUST 30, 2017 |

## COMPLAINT

**FIRST COUNT:**     **(Wrongful Death Action as to MGR Freight System, Inc. and Nicolae Marcu Pursuant to § 52-555 of the Connecticut General Statutes Brought By Estate of Ashley Ferguson Jones)**

1.     On or about December 17, 2016, Marshall Jones was appointed the Administrator of the Estate of Ashley Ferguson Jones, the Plaintiff's decedent, by the Middletown Probate Court and acting as such Administrator brings this action for the injuries and death of his wife, Ashley Ferguson Jones, pursuant to §52-555 of the Connecticut General Statutes.

2.     On December 1, 2016, the Plaintiff's decedent was the operator of a motor vehicle stopped within the emergency shoulder area of Interstate 95 near Old Lyme, Connecticut, for an emergency involving her child.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

FILED DATE: 5/23/2022 12:36 PM    2022L004594

3.    At the same time and place, the Defendant, Nicolae Marcu [hereinafter "Defendant Marcu"], was the operator of a tractor trailer truck traveling on Interstate 95 near Old Lyme, Connecticut.

4.    On December 1, 2016, and at all relevant times, the Defendant, MGR Freight System, Inc. [hereinafter "Defendant MGR"], was and is an Illinois Corporation with its principal place of business in Countryside, Illinois, which owned and operated a trucking company providing transportation and/or shipping services around the country, including in Connecticut.

5.    On December 1, 2016 and at all relevant times, the Defendant Marcu was and is an agent, apparent agent, servant and/or employee of the Defendant MGR and was acting within the scope of his agency, apparent agency, servitude and/or employment with the Defendant MGR by operating a tractor trailer truck in the State of Connecticut and on its roadways and highways.

6.    At the same time and place, the truck operated by the Defendant Marcu was owned by the Defendant MGR.

7.    At all times mentioned herein, the Defendant Marcu was operating said tractor trailer truck with the consent, knowledge, permission and/or authority of the Defendant MGR.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

FILED DATE: 5/23/2022 12:36 PM    2022L004594

8.      At the same time and place, when the Plaintiff's decedent stopped her vehicle in the emergency shoulder area and exited it to attend to her small child who seated in her car seat in the rear of the vehicle experiencing an urgent sickness, the Defendant Marcu suddenly and without warning drove his tractor trailer truck into said shoulder area, striking the Plaintiff's decedent and her vehicle, causing the Plaintiff's decedent's body to be thrown through the air more than 70 feet, slamming her to the ground, and causing her to suffer traumatic injuries that resulted in her untimely death.

9.      Said collision and the resulting injuries and damages to the Plaintiff's decedent were caused by the negligence, carelessness, and statutory violations of the Defendant Marcu in that he:

      a. violated § 14-230 of the Connecticut General Statutes by failing to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

      b. violated § 14-240 of the Connecticut General Statutes by failing to drive a reasonable distance from other vehicles, including the Plaintiffs' vehicle;

      c. violated § 14-218a of the Connecticut General Statutes by operating his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

      d. violated § 14-222 of the Connecticut General Statutes by operating his vehicle recklessly without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

FILED DATE: 5/23/2022 12:36 PM   2022L004594

e.  violated § 14-80h of the Connecticut General Statutes by failing to equip or maintain his motor vehicle with adequate brakes;

f.  violated § 14-81 of the Connecticut General Statutes by failing to equip his motor vehicle with an adequate braking system on all wheels;

g.  violated § 14-98a of the Connecticut General Statutes by operating his motor vehicle with unsafe tires;

h.  violated § 14-296aa(b) of the Connecticut General Statutes by operating an electronic device while operating a motor vehicle;

i.  violated § 14-296aa(b)(1) of the Connecticut General Statutes by operating a motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

j.  violated 49 C.F.R. § 392.3 of the by operating his motor vehicle while fatigued and/or ill;

k.  violated 49 C.F.R. § 392.4 by operating his motor vehicle while under the influence of drugs and/or other substances;

l.  violated 49 C.F.R. § 392.5 by operating his motor vehicle while under the influence of alcohol;

m.  violated 49 C.F.R. § 392.7 by operating his motor vehicle with parts and/or accessories that were not in good working order;

n.  violated 49 C.F.R. § 392.80 by operating his motor vehicle while texting;

o.  violated 49 C.F.R. § 392.82 by operating his motor vehicle while using a hand-held mobile telephone;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

FILED DATE: 5/23/2022 12:36 PM    2022L004594

p.  violated 49 C.F.R. § 393.40 by operating his motor vehicle without adequate brakes;

q.  violated 49 C.F.R. § 393.42 by operating his motor vehicle without brakes acting on all wheels;

r.  violated 49 C.F.R. § 393.48 by operating his motor vehicle without operative brakes;

s.  violated 49 C.F.R. § 393.75 by operating his motor vehicle with unsafe tires;

t.  violated 49 C.F.R. § 393.81 by operating his motor vehicle with a horn that was not in such condition as to give an adequate and reliable warning signal;

u.  violated 49 C.F.R. §391.41 by operating a commercial motor vehicle without being physically qualified to do so;

v.  violated 49 C.F.R. §  392.2 by failing to obey the traffic laws of the state in which he was operating;

w.  violated 49 C.F.R. § 395.3 by failing to comply with requirements regarding rest periods and maximum consecutive driving hours;

x.  violated 49 C.F.R. §396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396 regarding inspection, repair and maintenance;

y.  violated 49 C.F.R. § 396.7 by operating a motor vehicle in an unsafe condition;

z.  failed to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

FILED DATE: 5/23/2022 12:36 PM   2022L004594

aa. failed to drive a reasonable distance from other vehicles on the roadway;

bb. operated his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

cc. operated his motor vehicle in a reckless and dangerous manner;

dd. failed to have and keep his vehicle under reasonable and proper control;

ee. failed to apply his brakes in a timely manner or otherwise turn his vehicle so as to avoid a collision;

ff. failed to sound his horn or otherwise warn of his impending approach;

gg. was inattentive and failed to keep a proper lookout while operating his motor vehicle when he knew said conduct was likely to cause a collision;

hh. failed to exercise due care and caution and drove his vehicle directly into the side of the Plaintiffs' vehicle thereby causing a collision;

ii. failed to make proper use of his faculties and senses so as to avoid a collision;

jj. failed to equip or maintain his motor vehicle with adequate brakes;

kk. failed to equip or maintain his motor vehicle with adequate and safe tires;

ll. operated his motor vehicle while operating a cellular telephone;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

FILED DATE: 5/23/2022 12:36 PM   2022L004594

       mm.     operated his motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

       nn. failed under all the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the Plaintiff;

       oo. failed to operate his vehicle so as to avoid endangering other lawful users of the roadway; and

       pp. struck the side of the Plaintiff's vehicle.

     10.    As a result of the negligence, carelessness and statutory violations of the Defendant Marcu, the Plaintiff's decedent's body was thrown through the air and struck the pavement. As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain. As a further result, she experienced conscious pain and suffering before her death.

     11.    As a result of the negligence, carelessness, and statutory violations of the Defendant, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

FILED DATE: 5/23/2022 12:36 PM    2022L004594

12.     As a result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

13.     As a further result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

14.     As a further result of the negligence, carelessness and statutory violations of the Defendant, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

15.     As a further result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**SECOND COUNT:**   **(Wrongful Death – Recklessness as to Nicolae Marcu Pursuant to § 14-295 of the Connecticut General Statutes Brought By Estate of Ashley Ferguson Jones)**

1-3.     Paragraphs One (1) through Three (3) of the First Count are incorporated and hereby made Paragraphs One (1) through Three (3) of this the Second Count as if more fully set forth herein.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

FILED DATE: 5/23/2022 12:36 PM   2022L004594

4.      Paragraph Eight (8) of the First Count is incorporated and hereby made

Paragraph Four (4) of this the Second Count as if more fully set forth herein.

5.      The collision and resulting injuries and damages to the Plaintiff's decedent

were caused by the recklessness and misconduct of the Defendant Marcu in one or

more of the following respects, in that he:

a.      operated his vehicle deliberately or with reckless disregard for the safety
of others, in violation of § 14-218a of the Connecticut General Statutes by
driving at an unreasonable rate of speed on a heavily traveled roadway
without due regard for the width, traffic and use of said roadway, even
though he knew or should have known his actions presented a high
degree of danger, yet ignored said risk and danger resulting in the
Defendant driving his vehicle directly into the side of the Plaintiff's
decedent's vehicle; and

b.      operated his vehicle deliberately or with reckless disregard for the safety
of others, in violation of § 14-222 of the Connecticut General Statutes by
operating his motor vehicle recklessly by looking away from the roadway
while operating his vehicle at such a rate of speed as to endanger the life
of any person other than the operator, thereby causing a collision with the
Plaintiff's decedent's vehicle, even though he knew or should have known
his actions presented a high degree of danger, yet ignored said risk and
danger.

6.      Said reckless conduct and statutory violations were in violation of

Connecticut General Statutes § 14-295 and were a substantial factor in causing the

collision and the Plaintiff's decedent's injuries and damages resulting therefrom.

7.      As a result of the reckless conduct and statutory violations of the

Defendant Marcu, the Plaintiff's decedent's body was thrown through the air and struck

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

FILED DATE: 5/23/2022 12:36 PM   2022L004594

the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

8.     As a result of the reckless conduct and statutory violations of the Defendant, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

9.     As a result of the reckless conduct and statutory violations of the Defendant, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

10.     As a further result of the reckless conduct and statutory violations of the Defendant, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

11.     As a further result of the reckless conduct and statutory violations of the Defendant, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

FILED DATE: 5/23/2022 12:36 PM    2022L004594

12.     As a further result of the reckless conduct and statutory violations of the Defendant, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**THIRD COUNT:**     **(Wrongful Death – Common Law Recklessness as to Nicolae Marcu Brought By Estate of Ashley Ferguson Jones)**

1-3.     Paragraphs One (1) through Three (3) of the First Count are incorporated and hereby made Paragraphs One (1) through Three (3) of this the Third Count as if more fully set forth herein.

4.     Paragraph Eight (8) of the First Count is incorporated and hereby made Paragraph Four (4) of this the Third Count as if more fully set forth herein.

5.     The collision and resulting injuries and damages to the Plaintiff's decedent were caused by the recklessness and misconduct of the Defendant Marcu in one or more of the following respects, in that he:

  a. operated his vehicle deliberately or with reckless disregard for the safety of others, including the Plaintiff's decedent, by driving at a high rate of speed and onto the shoulder of the roadway even though he knew or should have known that there was a stopped and/or disabled vehicle on the shoulder and that his actions presented a high degree of danger, yet ignored said risk and danger thereby driving his vehicle directly into the side of the Plaintiff's decedent's vehicle; and

  b. operated his vehicle deliberately or with reckless disregard for the safety of others, including the Plaintiff's decedent, by looking away from the roadway while accelerating and crossing over into the shoulder of the

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

FILED DATE: 5/23/2022 12:36 PM   2022L004594

roadway, even though he knew or should have known his actions presented a high degree of danger of striking a disabled vehicle on the shoulder of the roadway, yet ignored said risk and danger.

6.     The reckless and wanton conduct of the Defendant Marcu, as aforesaid, was a substantial factor in causing the collision and the Plaintiff's decedent's injuries and damages resulting therefrom.

7.     As a result of the reckless conduct of the Defendant Marcu, the Plaintiff's decedent's body was thrown through the air and struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

8.     As a result of the reckless conduct of the Defendant, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

9.     As a result of the reckless conduct of the Defendant, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

FILED DATE: 5/23/2022 12:36 PM   2022L004594

10.     As a further result of the reckless conduct of the Defendant, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

11.     As a further result of the reckless conduct of the Defendant, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

12.     As a further result of the reckless conduct of the Defendant, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**FOURTH COUNT:**        **(Wrongful Death Action as to MGR Freight System, Inc. Brought By Estate of Ashley Ferguson Jones)**

1-8.     Paragraphs One (1) through Eight (8) of the First Count are incorporated and hereby made Paragraphs One (1) through Eight (8) of this the Fourth Count as if more fully set forth herein.

9.     The collision and resulting injuries were caused by the negligence, carelessness and statutory violations of the Defendant MGR and its agents, servants and/or employees, including the Defendant Marcu, in one or more of the following respects, in that they:

    a.     violated 49 C.F.R. § 390.3 by failing to teach the Defendant Marcu applicable regulations as provided in 49 C.F.R. Subtitle B, Chapter III, Subchapter B;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

FILED DATE: 5/23/2022 12:36 PM   2022L004594

b.   violated 49 C.F.R. § 390.11 by failing to require observance of all applicable duties and prohibitions by the Defendant Marcu;

c.   violated 49 C.F.R. §391.11 by permitting an unqualified person to drive a commercial motor vehicle;

d.   violated 49 C.F.R. §391.23 by failing to check the Defendant Marcu's driver's history and references;

e.   violated 49 C.F.R. 391.25 by failing to do an annual inquiry and review of driving record for the Defendant Marcu;

f.   violated 49 C.F.R. § 392.3 by permitting the Defendant Marcu to operate a commercial motor vehicle with impaired ability and/or alertness;

g.   violated 49 C.F.R. § 392.6 by permitting and/or requiring the operation of a commercial motor vehicle in such a manner as would necessitate speeding;

h.   violated 49 C.F.R. § 392.80 by permitting the Defendant Marcu to engage in texting while driving a commercial motor vehicle;

i.   violated 49 C.F.R. § 392.82 by permitting the Defendant Marcu to use a hand-held mobile telephone while driving a commercial motor vehicle;

j.   violated 49 C.F.R. § 393.1 by failing to comply with the requirements and specifications of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 393, including but not limited to, Subpart C- Brakes;

k.   violated 49 C.F.R. 395.3 by permitting and/or requiring the Defendant Marcu to operate a motor vehicle without complying with requirements regarding rest periods and maximum consecutive driving hours;

l.   failed to properly train and supervise their employees, agents and/or servants, including the Defendant Marcu, regarding the requirements of 49 C.F.R. § 395.8 and the proper maintenance of a driver duty status record;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

FILED DATE: 5/23/2022 12:36 PM    2022L004594

m.      violated 49 C.F.R. 396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396, regarding inspection, repair and maintenance;

n.      violated 49 C.F.R. §396.17 by failing to conduct periodic motor vehicle inspections of said commercial motor vehicle;

o.      failed to adequately evaluate and screen employees, agents and/or servants, including the Defendant Marcu, before permitting them to operate a tractor-trailer.

p.      failed to properly maintain and service their tractor-trailer vehicle;

q.      provided their employees, agents and/or servants with improperly maintained, improperly serviced and defective company motor vehicles;

r.      failed to hire an adequate number of employees, agents and/or servants as drivers to safely complete required tasks and responsibilities in a reasonable timeframe thereby preventing the need for said employees, agents and/or servants, including the Defendant Marcu, to rush from one task to another and to work fourteen hours without a break;

s.      allowed driver employees, agents and/or servants, including the Defendant Marcu, to operate company motor vehicles without proper instruction and training regarding the safe operation of a tractor-trailer;

t.      failed to obtain and review driving records for driver employees, agents and/or servants, including the Defendant Marcu, before permitting them to operate a company motor vehicle;

u.      entrusted the Defendant Marcu with a company owned tractor-trailer motor vehicle to operate while in the course of his employ without first verifying and evaluating his ability to operate said motor vehicle safely; and

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

FILED DATE: 5/23/2022 12:36 PM   2022L004594

v.     permitted the Defendant Marcu to drive a commercial motor vehicle without proper knowledge and/or training regarding securing cargo thereon.

10.     As a result of the negligence, carelessness and statutory violations of the Defendant MGR, the Plaintiff's decedent's body was thrown through the air and struck the pavement. As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain. As a further result, she experienced conscious pain and suffering before her death.

11.     As a result of the negligence, carelessness, and statutory violations of the Defendant MGR, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

12.     As a result of the negligence, carelessness and statutory violations of the Defendant MGR, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

FILED DATE: 5/23/2022 12:36 PM   2022L004594

13.     As a further result of the negligence, carelessness and statutory violations of the Defendant MGR, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

14.     As a further result of the negligence, carelessness and statutory violations of the Defendant MGR, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

15.     As a further result of the negligence, carelessness and statutory violations of the Defendant MGR, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**FIFTH COUNT:**          **(Loss of Consortium as to Nicolae Marcu Brought By Marshall Jones)**

1-15.   Paragraphs One (1) through Fifteen (15) of the First Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Fifth Count as if more fully set forth herein.

16.     As a result of the negligence and carelessness of the Defendant, as aforesaid, the Plaintiff, Marshall Jones, husband of the Plaintiff's decedent, Ashley Jones, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of his wife and will continue to suffer such deprivation in the future.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

FILED DATE: 5/23/2022 12:36 PM   2022L004594

**SIXTH COUNT:**        **(Loss of Consortium as to MGR Freight System, Inc. Brought By Marshall Jones)**

1-15.   Paragraphs One (1) through Fifteen (15) of the Fourth Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Sixth Count as if more fully set forth herein.

17.     As a result of the negligence and carelessness of the Defendant, as aforesaid, the Plaintiff, Marshall Jones, husband of the Plaintiff's decedent, Ashley Jones, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of his wife and will continue to suffer such deprivation in the future.

**SEVENTH COUNT:**        **(Bystander Emotional Distress as to Nicolae Marcu and MGR Freight System, Inc. Brought By Aaliyah Jones, ppa Marshall Jones)**

1-15.   Paragraphs One (1) through Fifteen (15) of the First Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Seventh Count as if more fully set forth herein.

16-30. Paragraphs One (1) through Fifteen (15) of the Fourth Count are incorporated and hereby made Paragraphs Sixteen (6) through Thirty (30) of this the Seventh Count as if more fully set forth herein.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

31.     At all times mentioned herein, the Plaintiff, Marshall Jones, was and is the father of the Plaintiff, Aaliyah Jones, who, at the time of this incident, was a minor child.

32.     At all times mentioned herein, the Plaintiff's decedent, Ashley Jones, was the mother of the Plaintiff, Aaliyah Jones, who, at the time of this incident, was a minor child.

33.     On December 1, 2016, when the Plaintiff's decedent was killed in a motor vehicle collision and her body from the side of the vehicle, her daughter, the Plaintiff, Aaliyah Jones, was in close proximity to her and contemporaneously witnessed get struck by a vehicle, get thrown a distance and land on the pavement, suffer fatal injuries, suffer conscious pain and suffering and die.  As a result, the Plaintiff, Aaliyah Jones, has suffered from nervous shock, extreme emotional turmoil and mental distress, all caused by the sight of her mother getting killed due to the negligence and carelessness of the Defendants.

34.     As a further result of the Defendants' conduct, the Plaintiff, Aaliyah Jones, has suffered painful psychiatric conditions requiring her to undergo mental health counseling, treatment and to receive prescription medications, and requiring her to spend various sums of money for these treatments.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

FILED DATE: 5/23/2022 12:36 PM   2022L004594

35.    As a further result, the Plaintiff, Aaliyah Jones, will likely suffer emotional distress and mental pain for the rest of her life, requiring her to spend additional sums of money for psychiatric and psychological care, mental health care and treatment, and prescription medications, all to her loss and damage.

**EIGHTH COUNT:**        **(Loss of Consortium as to Nicolae Marcu and MGR Freight System, Inc. Brought By Michael Jones, ppa Marshall Jones)**

1-15.   Paragraphs One (1) through Fifteen (15) of the First Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Eighth Count as if more fully set forth herein.

16-30. Paragraphs One (1) through Fifteen (15) of the Fourth Count are incorporated and hereby made Paragraphs Sixteen (6) through Thirty (30) of this the Eighth Count as if more fully set forth herein.

31.    The Plaintiff, Michael Jones, at all times hereafter mentioned, was the minor child of Ashley Jones.

32.    As a result of the above incident and the negligence and carelessness of the Defendants, the Plaintiff, Michael Jones, was and will in the future be deprived of the financial support, services, care, affection, comfort, companionship, society and consortium of his mother, Ashley Jones, all to his loss and detriment.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

**NINTH COUNT:**  (Loss of Consortium as to Nicolae Marcu and MGR Freight System, Inc. Brought By Aaliyah Jones, ppa Marshall Jones)

1-15.   Paragraphs One (1) through Fifteen (15) of the First Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Ninth Count as if more fully set forth herein.

16-30.  Paragraphs One (1) through Fifteen (15) of the Fourth Count are incorporated and hereby made Paragraphs Sixteen (6) through Thirty (30) of this the Ninth Count as if more fully set forth herein.

31.   The Plaintiff, Aaliyah Jones, at all times hereafter mentioned, was the minor child of Ashley Jones.

32.   As a result of the above incident and the negligence and carelessness of the Defendants, the Plaintiff, Aaliyah Jones, was and will in the future be deprived of the financial support, services, care, affection, comfort, companionship, society and consortium of her mother, Ashley Jones, all to her loss and detriment.

21

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

FILED DATE: 5/23/2022 12:36 PM   2022L004594

**WHEREFORE**, the Plaintiffs claim:

1.      Fair, just and reasonable money damages;

2.      Punitive and exemplary damages;

3.      Double or treble damages pursuant to § 14-295 of the Connecticut General Statutes; and

4.      Attorneys' fees and costs.

THE PLAINTIFFS,

By _Kelly Reardon_

Kelly E. Reardon, Esq.
**THE REARDON LAW FIRM, P.C.**
Their Attorneys

22

RETURN DATE: SEPTEMBER 26, 2017

| | | |
|---|---|---|
| ESTATE OF ASHLEY FERGUSON | : | SUPERIOR COURT |
| JONES BY MARSHALL JONES, | : | |
| ADMINISTRATOR, MARSHALL JONES, | : | |
| INDIVIDUALLY, MICHAEL JONES and | : | JUDICIAL DISTRICT OF |
| AALIYAH JONES, PPA MARSHALL JONES | : | NEW LONDON AT |
| | : | NEW LONDON |
| V. | : | |
| | : | |
| MGR FREIGHT SYSTEM, INC. and | : | |
| NICOLAE MARCU | : | AUGUST 30, 2017 |

## STATEMENT RE: AMOUNT IN DEMAND

The amount, legal interest or property in demand is greater than Fifteen

Thousand and No/100 ($15,000.00) Dollars, exclusive of interest and costs.

THE PLAINTIFFS,

By _Kelly Reardon_
Kelly E. Reardon, Esq.
**THE REARDON LAW FIRM, P.C.**
Their Attorneys

FILED DATE: 5/23/2022 12:36 PM   2022L004594

FILED DATE: 5/23/2022 12:36 PM    2022L004594



Align top of FedEx Express® shipping label here.

ORIGIN ID:ENLA    (312) 404-3748
JOVAN OSTOJIC
5702 ASTONY CT

HINSDALE, IL 60521
UNITED STATES US

TO  WESCO INSURANCE CO

59 MAIDEN LANE

NEW YORK NY 10038
(000) 000-0000

SHIP DATE: 17AUG21
ACTWGT: 0.50 LB
CAD: 6754234/SSF02202

BILL CREDIT CARD

Ref #: <56297.43F 4RDB EXP 02/22

REF1

DEPT1

FedEx
Express

E

FRI - 20 AUG 4:30P
EXPRESS SAVER

10038
NY-US   EWR

TRK# 2826 7601 4996
0201

SA SXYA

Exhibit D

FILED DATE: 5/23/2022 12:36 PM   2022L004594

**From:** David Macknick
**Sent:** Tuesday, August 31, 2021 8:22 AM
**To:** john ostojiclaw.com <john@ostojiclaw.com>
**Subject:** Ferguson v. MRG et al.

Mr. Ostojic -

We are in receipt of your August 17, 2021 letter for your client MRG Freight System, et al..

The policy cited was part of the Spirit program, which is currently in receivership.  AmTrust was the reinsurer on the program.

We refer you to the spiritinsure.com website.  In the FAQ's as to the reinsurance obligations under Question 6a is the following (as copied directly from their website):

**Question 6a: IS THERE REINSURANCE COVERAGE FOR MY CLAIM AGAINST SPIRIT?**

There is no reinsurance coverage that would be directly available to individual policyholders for their claims, and reinsurance recoveries (if any) would go to the general assets of the estate.

All claims are to be submitted under the spiritinsure.com website.  We refer you to them for reporting and all insurance questions.

David Macknick
Program Claims Manager
AmTrust Financial Services, Inc.
233 N. Michigan Avenue
Chicago, Illinois 60601
312.577.5338 office
David.Macknick@amtrustgroup.com
www.amtrustgroup.com



**Confidentiality Notice: This email message is intended only for the individual or entity to which it is addressed. This email may contain information that is proprietary or privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this email by accident, please notify the sender immediately and destroy this email and all copies of it.**

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

Exhibit E

FILED DATE: 5/23/2022 12:36 PM          2022L004594

| | |
|---|---|
| **From:** | Juedes, Dieter |
| **To:** | David Macknick |
| **Cc:** | john@ostojiclaw.com; Nold, Blake |
| **Subject:** | RE: Ferguson v. MRG et al. / 6646IL099118 |
| **Date:** | Tuesday, January 25, 2022 4:26:08 PM |

David,

We do not appreciate the lack of a response. Based on the posture of the underlying cases, this is getting to a critical level. We need to be able to make accurate representations to the excess carrier above the Wesco policy regarding Wesco's status, and thus, need the information and documentation I have repeatedly requested. Please respond to my questions below or escalate this matter to someone who can. We can either resolve these issues now or through litigation.

**Dieter Juedes**
**Partner**
Direct: 414-978-5361
Dieter.Juedes@huschblackwell.com

---

**From:** Juedes, Dieter
**Sent:** Thursday, January 13, 2022 10:17 AM
**To:** David Macknick <David.Macknick@amtrustgroup.com>
**Cc:** john@ostojiclaw.com
**Subject:** RE: Ferguson v. MRG et al. / 6646IL099118

David,

I left you a message earlier in the week and just tried calling you. This is getting to a critical level. We simply need information regarding the below inquires. If you cannot provide that information, please point me in the direction of the person that can.

Thanks.

**Dieter Juedes**
**Partner**
Direct: 414-978-5361
Dieter.Juedes@huschblackwell.com

---

**From:** Juedes, Dieter
**Sent:** Monday, January 10, 2022 9:02 AM
**To:** David Macknick <David.Macknick@amtrustgroup.com>
**Cc:** john@ostojiclaw.com
**Subject:** RE: Ferguson v. MRG et al. / 6646IL099118

David,

We have reached out several times now trying to get further information. Can you please provide responses to the below, or otherwise escalate this matter within AmTrust to the person who can respond.

FILED DATE: 5/23/2022 12:36 PM   2021L004594

To reiterate, please identify the following:

- The relationship between Wesco Insurance Company and AmTrust Financial Services, Inc. and whether you are responding on behalf of Wesco Insurance Company;

- The relationship between Wesco Insurance Company and the Sprint Program you note below in your August 31 e-mail;

- Whether any coverage is available to any of the MGR entities from Wesco Insurance Company for the Jones Accident Lawsuits;

Please provide us with any documents establishing your statement that "the policy cited was part of the Spirit program, which is currently in receivership."

Please also provide us with a copy of the underlying Commercial Auto Liability policy provided by Wesco Insurance Company.

Thanks.

**Dieter Juedes**
**Partner**
Direct: 414-978-5361
Dieter.Juedes@huschblackwell.com

---

**From:** Juedes, Dieter
**Sent:** Thursday, December 23, 2021 1:48 PM
**To:** 'David Macknick' <David.Macknick@amtrustgroup.com>
**Cc:** 'john@ostojiclaw.com' <john@ostojiclaw.com>
**Subject:** RE: Ferguson v. MRG et al. / 6646IL099118

David, can we get a response on the below issues.  We are trying to sort through who is who and obtain the relevant policies.  I am in the office next week if you would like to discuss on the phone. Thanks

**Dieter Juedes**
**Partner**
Direct: 414-978-5361
Dieter.Juedes@huschblackwell.com

---

**From:** Juedes, Dieter
**Sent:** Wednesday, December 1, 2021 9:44 AM
**To:** David Macknick <David.Macknick@amtrustgroup.com>
**Cc:** john@ostojiclaw.com
**Subject:** RE: Ferguson v. MRG et al. / 6646IL099118

FILED DATE: 5/23/2022 12:36 PM    2021L004594

David,

Do you have any response to the below.  To reiterate, please identify the following:

- The relationship between Wesco Insurance Company and AmTrust Financial Services, Inc. and whether you are responding on behalf of Wesco Insurance Company;

- The relationship between Wesco Insurance Company and the Sprint Program you note below in your August 31 e-mail;

- Whether any coverage is available to any of the MGR entities from Wesco Insurance Company for the Jones Accident Lawsuits;

Please provide us with any documents establishing your statement that "the policy cited was part of the Spirit program, which is currently in receivership."

Please also provide us with a copy of the underlying Commercial Auto Liability policy provided by Wesco Insurance Company.

Thanks.


**Dieter J. Juedes**
**Partner**
Direct:  414-978-5361
Dieter.Juedes@huschblackwell.com

---

**From:** Juedes, Dieter
**Sent:** Monday, November 8, 2021 10:43 PM
**To:** 'David Macknick' <David.Macknick@amtrustgroup.com>
**Cc:** 'john@ostojiclaw.com' <john@ostojiclaw.com>
**Subject:** RE: Ferguson v. MRG et al. / 6646IL099118

David,

Do you have a response to the below inquiries from October 8 and 19?  Please advise.

**Dieter J. Juedes**
**Partner**
Direct:  414-978-5361
Dieter.Juedes@huschblackwell.com

---

**From:** Juedes, Dieter
**Sent:** Tuesday, October 19, 2021 3:09 PM
**To:** David Macknick <David.Macknick@amtrustgroup.com>
**Cc:** john@ostojiclaw.com

FILED DATE: 5/23/2022 12:36 PM    2022L004594

**Subject:** RE: Ferguson v. MRG et al. / 6646IL099118

David

We inadvertently listed the excess policy number for coverage provided by Hallmark.  Attached is that policy, which references on page 2 the underlying Commercial Auto Liability policy provided by Wesco Insurance Company.  Wesco should be able to search its system for any policies it issued to any of the named defendants in the lawsuits we provided and provide copies of the policies its issued to those defendants or under which those defendants would qualify as an insured.  Please advise if this is not possible.

Thanks.

**Dieter J. Juedes**
**Partner**
Direct:  414-978-5361
Dieter.Juedes@huschblackwell.com

---

**From:** David Macknick <David.Macknick@amtrustgroup.com>
**Sent:** Tuesday, October 19, 2021 2:26 PM
**To:** Juedes, Dieter <Dieter.Juedes@huschblackwell.com>
**Cc:** john@ostojiclaw.com
**Subject:** RE: Ferguson v. MRG et al. / 6646IL099118

[EXTERNAL EMAIL]

Mr. Juedes –

The policy number provided is not a Wesco policy number.  Please provide a copy of the policy to which you are referring.

Thank you for your courtesy.

Dave Macknick

David Macknick
Program Claims Manager
AmTrust Financial Services, Inc.
233 N. Michigan Avenue
Chicago, Illinois 60601
312.577.5338 office
David.Macknick@amtrustgroup.com
www.amtrustgroup.com

FILED DATE: 5/23/2022 12:36 PM    2022L004594

**From:** Juedes, Dieter <Dieter.Juedes@huschblackwell.com>
**Sent:** Monday, October 18, 2021 3:58 PM
**To:** David Macknick <David.Macknick@amtrustgroup.com>
**Cc:** john@ostojiclaw.com
**Subject:** [EXTERNAL] RE: Ferguson v. MRG et al. / 6646IL099118

---

**ALERT:** This message originated outside of **AmTrust** network. **BE CAUTIOUS** before clicking any link or attachment.

---

I am following up on my email below.  Please let us know when we can expect a response.  Thanks

**Dieter J. Juedes**
**Partner**
Direct:  414-978-5361
Dieter.Juedes@huschblackwell.com

---

**From:** Juedes, Dieter
**Sent:** Friday, October 8, 2021 12:18 PM
**To:** David.Macknick@amtrustgroup.com
**Cc:** john@ostojiclaw.com
**Subject:** RE: Ferguson v. MRG et al. / 6646IL099118

 David,

Husch Blackwell has been retained as co-counsel for the MGR entities along with John Ostojic. For reference, I am attaching Mr. Ostojic's August 17, 2021 tender of defense and indemnification to Wesco Insurance Company.  Further, your August 31, 2021 response is below.

Please identify the following:

- The relationship between Wesco Insurance Company and AmTrust Financial Services, Inc. and whether you are responding on behalf of Wesco Insurance Company;

- The relationship between Wesco Insurance Company and the Sprint Program you note below;

- Whether any coverage is available to any of the MGR entities under Wesco Insurance Company policy number 66HX16398F for the Jones Accident Lawsuits;

Please provide us with any documents establishing your statement that "the policy cited was part of the Spirit program, which is currently in receivership."

Please also provide us with a copy of the aforementioned policy.

FILED DATE: 5/23/2022 12:36 PM    2022L004594

We look forward to your response.

**Dieter J. Juedes**
**Partner**

**HUSCH** BLACKWELL LLP
511 North Broadway,
Suite 1100
Milwaukee, WI 53202-5502
Direct:  414-978-5361
Fax:  414-223-5000
Dieter.Juedes@huschblackwell.com
huschblackwell.com
View Bio | View VCard

**Husch Blackwell is redefining partnership and client service. With 800+ lawyers in 25 offices across the United States, including The Link virtual office, we are a national law firm with a coast-to-coast footprint focused on tackling the most complex business challenges.**

---

**From:** David Macknick
**Sent:** Tuesday, August 31, 2021 8:22 AM
**To:** john ostojiclaw.com <john@ostojiclaw.com>
**Subject:** Ferguson v. MRG et al.

Mr. Ostojic -

We are in receipt of your August 17, 2021 letter for your client MRG Freight System, et al..

The policy cited was part of the Spirit program, which is currently in receivership.  AmTrust was the reinsurer on the program.

We refer you to the spiritinsure.com website.  In the FAQ's as to the reinsurance obligations under Question 6a is the following (as copied directly from their website):

**Question 6a: IS THERE REINSURANCE COVERAGE FOR MY CLAIM AGAINST SPIRIT?**

There is no reinsurance coverage that would be directly available to individual policyholders for their claims, and reinsurance recoveries (if any) would go to the general assets of the estate.

All claims are to be submitted under the spiritinsure.com website.  We refer you to them for reporting and all insurance questions.

David Macknick
Program Claims Manager

AmTrust Financial Services, Inc.
233 N. Michigan Avenue
Chicago, Illinois 60601
<u>312.577.5338 office</u>
<u>David.Macknick@amtrustgroup.com</u>
<u>www.amtrustgroup.com</u>

⬜

---

**Confidentiality Notice: This email message is intended only for the individual or entity to which it is addressed. This email may contain information that is proprietary or privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this email by accident, please notify the sender immediately and destroy this email and all copies of it.**

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more <u>Click Here</u>.

---

**Confidentiality Notice: This email message is intended only for the individual or entity to which it is addressed. This email may contain information that is proprietary or privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this email by accident, please notify the sender immediately and destroy this email and all copies of it.**

FILED DATE: 5/23/2022 12:36 PM    2022L004594

Exhibit F

FILED DATE: 5/23/2022 12:36 PM    2022L004594

| | |
|---|---|
| **From:** | Belinda Boscoe |
| **To:** | Juedes, Dieter; Todd Hastey |
| **Cc:** | john ostojiclaw.com |
| **Subject:** | RE: MGR/RD Expedited Ashley Jones litigation, claim # 3447147-1 |
| **Date:** | Monday, March 21, 2022 2:20:35 PM |

[EXTERNAL EMAIL]

Mr. Juedes,

We have assigned this to counsel to look over all of the complaints and to determine where they all stand at this time.
In addition, we asked his professional opinion if we are obligated to provide a copy of our policy to house counsel of one of the other defendants in this case.
Based on the statute we would only appear to owe that to our defense counsel and plaintiff counsel.
If you can provide case law or statutory provision that we are required to provide a copy of our insured policy to you as house counsel of another defendant we will be happy to review it.

The contact information for the attorney we have on this matter is below:

John P. Bonanno, Esq.
Weiner, Millo, Morgan & Bonanno, LLC
437 Madison Avenue, 24th Floor
New York, New York 10022
P (212) 213-1220, ext. 248
F (212) 889-5228
C (203)722-9957
jbonanno@wmmblawfirm.com

Thank you

**Belinda Boscoe**

*Belinda Boscoe*

Liability Adjuster III
**AmTrust Financial Services, Inc.**
O: 678-258-8117
F: 678-258-8395
P.O. Box 89453
Cleveland, OH  44101
www.amtrustfinancial.com

---

**From:** Juedes, Dieter <Dieter.Juedes@huschblackwell.com>
**Sent:** Monday, March 21, 2022 2:19 PM
**To:** Todd Hastey <Stephen.Hastey@amtrustgroup.com>; Belinda Boscoe <Belinda.Boscoe@amtrustgroup.com>
**Cc:** john ostojiclaw.com <john@ostojiclaw.com>
**Subject:** [EXTERNAL] RE: MGR/RD Expedited Ashley Jones litigation, claim # 3447147-1

---

> **Alert:** This Email is NOT from an AmTrust Employee
>
> **THINK** before clicking any link or attachment

Todd and Belinda,

This is getting to a critical level based on the status of the underlying case and the positions asserted by other carriers.  We

FILED DATE: 5/23/2022 12:36 PM   2022L004594

requested a copy of the policy more than six months ago.  This is a simple request and one that carriers typically respond to in a matter of days, not months.  This is not good faith conduct by an insurer towards its insured to whom it owes the highest duties and obligations.  Please provide us with a copy of the policy.

Thanks.

**Dieter Juedes**
**Partner**
Direct: 414-978-5361
Dieter.Juedes@huschblackwell.com

---

**From:** Juedes, Dieter
**Sent:** Friday, March 11, 2022 12:43 PM
**To:** Todd Hastey <Stephen.Hastey@amtrustgroup.com>; Belinda Boscoe <Belinda.Boscoe@amtrustgroup.com>
**Cc:** john ostojiclaw.com <john@ostojiclaw.com>
**Subject:** Re: MGR/RD Expedited Ashley Jones litigation, claim # 3447147-1

Just following up on the request for the policy. Please provide. Thanks

**Dieter J. Juedes**
**Partner**

**HUSCH BLACKWELL LLP**
**511 North Broadway, Suite 1100**
Milwaukee, WI 53202
Direct: 414.978.5361
Fax: 414.223.5000
Dieter.Juedes@huschblackwell.com
huschblackwell.com

On Mar 4, 2022, at 9:48 AM, Juedes, Dieter <Dieter.Juedes@huschblackwell.com> wrote:

Belinda,

Please provide a copy of the policy.  Thanks.

**Dieter Juedes**
**Partner**
Direct: 414-978-5361
Dieter.Juedes@huschblackwell.com

---

**From:** Todd Hastey <Stephen.Hastey@amtrustgroup.com>
**Sent:** Tuesday, March 1, 2022 2:22 PM
**To:** Juedes, Dieter <Dieter.Juedes@huschblackwell.com>; Belinda Boscoe <Belinda.Boscoe@amtrustgroup.com>
**Cc:** 'john ostojiclaw.com' <john@ostojiclaw.com>
**Subject:** RE: MGR/RD Expedited Ashley Jones litigation, claim # 3447147-1

[EXTERNAL EMAIL]

Belinda, please send them a copy of Policy# WMC1473464-00/ Named Insured: RD Expedited, Inc.

Dieter, we are going to need the following:

1)  Any written contract between RD Expedited, Inc. & MGR Freight System, Inc.
2)  Billing of lading and/or load confirmation sheet for the load in question; (and(
3)  Copies of Deposition transcripts of Radomir Dobasinovic, Nicolae Marcu,  or anyone else, who appeared as a corporate representative for MGR Freight System, Inc.

FILED DATE: 5/23/2022 12:36 PM  2022L004594

We will need these items in order to fully assess the relationship between RD Expedited, Inc. and MGR Freight System, Inc.

I thank you in advance for your attention to this matter, and we look forward to receiving the requested items accordingly.

Sincerely,

Todd Hastey

**S. Todd Hastey, JD, AIC-M, AIC, AINS, CLMP, AIS**
Liability Manager
**AmTrust Financial Services, Inc.**
O: 704-644-6815
M: 423-290-9635
PO Box 89453
Cleveland, OH 44101
Email: stephen.hastey@amtrustgroup.com
www.amtrustfinancial.com

---

**From:** Juedes, Dieter <Dieter.Juedes@huschblackwell.com>
**Sent:** Tuesday, March 1, 2022 1:25 PM
**To:** Belinda Boscoe <Belinda.Boscoe@amtrustgroup.com>; Todd Hastey <Stephen.Hastey@amtrustgroup.com>
**Cc:** 'john ostojiclaw.com' <john@ostojiclaw.com>
**Subject:** [EXTERNAL] RE: MGR/RD Expedited Ashley Jones litigation, claim # 3447147-1

---

**Alert:** This Email is NOT from an AmTrust Employee

**THINK** before clicking any link or attachment

---

Todd, please advise on when we can expect a copy of the Wesco policy. Also, please advise on when we can expect a response to the tender of defense.

Appreciate that the tender of defense was made to Wesco almost seven months ago. Despite repeated requests, we have yet to receive a copy of the policy. We have also not yet received a coverage determination. We expect Wesco to comply with the obligations it has to protect its insured in the near future.

Thanks.

**Dieter Juedes**
**Partner**
Direct: 414-978-5361
Dieter.Juedes@huschblackwell.com

---

**From:** Belinda Boscoe <Belinda.Boscoe@amtrustgroup.com>
**Sent:** Thursday, February 24, 2022 3:23 PM
**To:** Todd Hastey <Stephen.Hastey@amtrustgroup.com>
**Cc:** Juedes, Dieter <Dieter.Juedes@huschblackwell.com>; 'john ostojiclaw.com' <john@ostojiclaw.com>
**Subject:** FW: MGR/RD Expedited Ashley Jones litigation, claim # 3447147-1
**Importance:** High

[EXTERNAL EMAIL]

Both gentlemen that have cc'ed above were wanting a time frame in which they may receive a copy of our policy –
I advised them that you were more privy to that than I was so if you could please advise them a time frame it

FILED DATE: 5/23/2022 12:36 PM    2022L004594

would be appreciated.

Thanks.

**Belinda Boscoe**

*Belinda Boscoe*

Liability Adjuster III
**AmTrust Financial Services, Inc.**
O: 678-258-8117
F: 678-258-8395
P.O. Box 89453
Cleveland, OH  44101
www.amtrustfinancial.com

---

**From:** Juedes, Dieter <Dieter.Juedes@huschblackwell.com>
**Sent:** Wednesday, February 23, 2022 3:15 PM
**To:** Belinda Boscoe <Belinda.Boscoe@amtrustgroup.com>
**Cc:** Todd Hastey <Stephen.Hastey@amtrustgroup.com>; 'john ostojiclaw.com' <john@ostojiclaw.com>
**Subject:** [EXTERNAL] RE: MGR/RD Expedited Ashley Jones litigation, claim # 3447147-1

---

**Alert:** This Email is NOT from an AmTrust Employee

**THINK** before clicking any link or attachment

Todd and Belinda

Can you please provide me with a copy of the Wesco policy in preparation for our call tomorrow afternoon.

Thanks.

**Dieter Juedes**
**Partner**
Direct: 414-978-5361
Dieter.Juedes@huschblackwell.com

---

**From:** Belinda Boscoe <Belinda.Boscoe@amtrustgroup.com>
**Sent:** Friday, February 18, 2022 1:03 PM
**To:** Juedes, Dieter <Dieter.Juedes@huschblackwell.com>
**Cc:** Todd Hastey <Stephen.Hastey@amtrustgroup.com>; 'john ostojiclaw.com' <john@ostojiclaw.com>
**Subject:** RE: MGR/RD Expedited Ashley Jones litigation, claim # 3447147-1
**Importance:** High

[EXTERNAL EMAIL]

Dieter,    send us an email with a call in number because we work remotely and Todds number is different than mine -

**Belinda Boscoe**

*Belinda Boscoe*

Liability Adjuster III
**AmTrust Financial Services, Inc.**
O: 678-258-8117
F: 678-258-8395
P.O. Box 89453

FILED DATE: 5/23/2022 12:36 PM    2022L004594

Cleveland, OH  44101
www.amtrustfinancial.com

**From:** Juedes, Dieter <Dieter.Juedes@huschblackwell.com>
**Sent:** Friday, February 18, 2022 1:49 PM
**To:** Belinda Boscoe <Belinda.Boscoe@amtrustgroup.com>
**Subject:** [EXTERNAL] RE: MGR/RD Expedited Ashley Jones litigation, claim # 3447147-1

---

**Alert:** This Email is NOT from an AmTrust Employee
**THINK** before clicking any link or attachment

Do you want us to call you office number below, or do you have a call in?

**Dieter Juedes**
**Partner**
Direct: 414-978-5361
Dieter.Juedes@huschblackwell.com

**From:** Belinda Boscoe <Belinda.Boscoe@amtrustgroup.com>
**Sent:** Thursday, February 17, 2022 7:00 AM
**To:** Juedes, Dieter <Dieter.Juedes@huschblackwell.com>
**Subject:** RE: MGR/RD Expedited Ashley Jones litigation, claim # 3447147-1

[EXTERNAL EMAIL]

Perfect

**Belinda Boscoe**

*Belinda Boscoe*

Liability Adjuster III
**AmTrust Financial Services, Inc.**
O: 678-258-8117
F: 678-258-8395
P.O. Box 89453
Cleveland, OH  44101
www.amtrustfinancial.com

**From:** Juedes, Dieter <Dieter.Juedes@huschblackwell.com>
**Sent:** Tuesday, February 15, 2022 3:58 PM
**To:** Belinda Boscoe <Belinda.Boscoe@amtrustgroup.com>; Todd Hastey <Stephen.Hastey@amtrustgroup.com>
**Cc:** john ostojiclaw.com <john@ostojiclaw.com>
**Subject:** [EXTERNAL] RE: MGR/RD Expedited Ashley Jones litigation, claim # 3447147-1

---

**Alert:** This Email is NOT from an AmTrust Employee
**THINK** before clicking any link or attachment

Can we have a phone conference on Friday 2/18 at 1 pm CST, 2 pm EST?  Thanks

**Dieter Juedes**
**Partner**
Direct: 414-978-5361
Dieter.Juedes@huschblackwell.com

FILED DATE: 5/23/2022 12:36 PM   2022L004594

**From:** Belinda Boscoe <Belinda.Boscoe@amtrustgroup.com>
**Sent:** Tuesday, February 15, 2022 2:30 PM
**To:** Juedes, Dieter <Dieter.Juedes@huschblackwell.com>; Todd Hastey <Stephen.Hastey@amtrustgroup.com>
**Cc:** john ostojiclaw.com <john@ostojiclaw.com>
**Subject:** RE: MGR/RD Expedited Ashley Jones litigation, claim # 3447147-1

[EXTERNAL EMAIL]

John,

I included Todd Hastey my superior on this e mail so that you have the correct e mail as I saw that Dieter had one bounce back.


**Belinda Boscoe**

*Belinda Boscoe*

Liability Adjuster III
**AmTrust Financial Services, Inc.**
O: 678-258-8117
F: 678-258-8395
P.O. Box 89453
Cleveland, OH  44101
www.amtrustfinancial.com

---

**From:** Juedes, Dieter <Dieter.Juedes@huschblackwell.com>
**Sent:** Tuesday, February 15, 2022 3:12 PM
**To:** Belinda Boscoe <Belinda.Boscoe@amtrustgroup.com>
**Cc:** john ostojiclaw.com <john@ostojiclaw.com>
**Subject:** [EXTERNAL] RE: MGR/RD Expedited Ashley Jones litigation, claim # 3447147-1

> **Alert:** This Email is NOT from an AmTrust Employee
> **THINK** before clicking any link or attachment

Belinda,

I am following up on the below email and my voicemail of yesterday.  Please let us know when we can discuss this matter with you.  Given the posture of the underlying case, we would like to address these issues in the near future.  Thanks.

**Dieter Juedes**
**Partner**
Direct: 414-978-5361
Dieter.Juedes@huschblackwell.com

---

**From:** Juedes, Dieter
**Sent:** Thursday, February 10, 2022 2:15 PM
**To:** belinda.boscoe@amtrustgroup.com
**Cc:** john ostojiclaw.com <john@ostojiclaw.com>
**Subject:** RE: MGR/RD Expedited Ashley Jones litigation, claim # 3447147-1

Belinda,

Let us know when we can set up a time to discuss this claim with you.  Thanks

**Dieter Juedes**

**Partner**
Direct: 414-978-5361
Dieter.Juedes@huschblackwell.com

**From:** Juedes, Dieter
**Sent:** Wednesday, February 9, 2022 10:50 AM
**To:** belinda.boscoe@amtrustgroup.com
**Cc:** john ostojiclaw.com <john@ostojiclaw.com>
**Subject:** RE: MGR/RD Expedited Ashley Jones litigation, claim # 3447147-1

Belinda,

Please confirm receipt of the below. I got a bounce back for Todd. Please let us know his email as well. Thanks

**Dieter Juedes**
**Partner**
Direct: 414-978-5361
Dieter.Juedes@huschblackwell.com

**From:** Juedes, Dieter
**Sent:** Wednesday, February 9, 2022 10:46 AM
**To:** belinda.boscoe@amtrustgroup.com; todd.hastey@amtrustgroup.com
**Cc:** john ostojiclaw.com <john@ostojiclaw.com>
**Subject:** MGR/RD Expedited Ashley Jones litigation, claim # 3447147-1

Belinda and Todd:

Husch Blackwell has been retained as co-counsel on coverage issues for the MGR entities along with John Ostojic. I understand from John that we are looking to set a conference call for tomorrow to discuss this claim. We are available from 10 am to 2 pm CST. Let us know what works on your end. Thanks.

**Dieter Juedes**
**Partner**

**HUSCH BLACKWELL LLP**
511 North Broadway,
Suite 1100
Milwaukee, WI 53202-5502

Direct: 414-978-5361
Fax: 414-223-5000
Dieter.Juedes@huschblackwell.com
huschblackwell.com
vBio|vCard

**Financial Services & Capital Markets**
**Commercial Litigation**

**Husch Blackwell is redefining partnership and client service. With 800+ lawyers in 25 offices across the United States, including The Link virtual office, we are a national law firm with a coast-to-coast footprint focused on tackling the most complex business challenges.**

---

Confidentiality Notice: This email message is intended only for the individual or entity to which it is addressed. This email may contain information that is proprietary or privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this email by accident, please notify the sender immediately and destroy this email and all copies of it.

---

Confidentiality Notice: This email message is intended only for the individual or entity to which it is addressed. This email may contain information that is proprietary or privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is

FILED DATE: 5/23/2022 12:36 PM  2022L004594

strictly prohibited. If you received this email by accident, please notify the sender immediately and destroy this email and all copies of it.

Confidentiality Notice: This email message is intended only for the individual or entity to which it is addressed. This email may contain information that is proprietary or privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this email by accident, please notify the sender immediately and destroy this email and all copies of it.

Confidentiality Notice: This email message is intended only for the individual or entity to which it is addressed. This email may contain information that is proprietary or privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this email by accident, please notify the sender immediately and destroy this email and all copies of it.

Confidentiality Notice: This email message is intended only for the individual or entity to which it is addressed. This email may contain information that is proprietary or privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this email by accident, please notify the sender immediately and destroy this email and all copies of it.

Confidentiality Notice: This email message is intended only for the individual or entity to which it is addressed. This email may contain information that is proprietary or privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this email by accident, please notify the sender immediately and destroy this email and all copies of it.